### CHARLES THIELE v. JOHN AXELL ET AL.

#### No. 464.

1. **Nonsuit—Setting Aside Nonsuit.**—Where complaint is made on appeal against an order of the trial court setting aside a voluntary nonsuit at same term, it must be shown that the trial court abused its discretion in acting in the matter complained of. It is not sufficient that the record discloses no grounds for such action by the trial court.

2. **Cause of Action on Breach of Warranty.**— See allegations held good, as showing cause of action upon breach of warranty in sale of land upon the title failing.

3. **Identity of Cases on Change of Venue.**—See record of a case filed in the United States Circuit Court at Austin, transferred to the court at San Antonio, in same district, the suit taking different file number on the change. In the record the identity of the suit at San Antonio with that changed from Austin is apparent.

4. **Vouching Warrantors—Practice.**—Vendee holding under warranty deed, when sued for the land gave his vendor formal notice of the pendency of

such suit. *Held*, that such notice affected the warrantor with notice of the change of venue, and of the subsequent proceedings up to the final judgment.

5. **Identity of Land.**—In action on warranty deed alleging failure of title, a judgment in which was recovered the entire survey, part of which was conveyed by the deed, is sufficient evidence of the failure of title to the part described in the deed.

6. **Measure of Damages—Purchase Money.**—Pending suit resulting in judgment of eviction (or rather, condemning the title), the warrantee bought the outstanding superior title for less than the purchase money in the deed of warranty. *Held*, that the recovery upon the warranty was not affected by the purchase at such less sum, and judgment for the purchase money and interest is affirmed.

APPEAL from Travis. Tried below before Hon. JAMES H. ROBERTSON.

*Sheeks & Sheeks*, for appellant.— 1. The court erred in sustaining plaintiffs' motion to reinstate this cause, over the objection of the defendant, after the same had been dismissed by the plaintiffs. Rev. Stats., art. 1368; Childs v. Mays, 73 Texas, 76; Wright v. Thomas, 6 Texas, 420; Osborne v. Scott, 13 Texas, 59; Easterling v. Blythe, 7 Texas, 210; Houston v. Berry, 3 Texas, 235; Guffy v. Mosely, 21 Texas, 408.

2. The petition does not describe any land that was sold by defendant to them.

3. The petition should show that plaintiffs had been evicted by superior title, or such facts as would relieve them in this suit from proving that fact directly, and from which the legal presumption would arise against the defendant conclusively that such was the case, which is not shown. Jones v. Paul, 59 Texas, 45; Wills v. Primm, 21 Texas, 380; Clark v. Mumford, 62 Texas, 531; Abb. Trial Ev., 519; Wilcox's Forms and Prac., 261.

4. The court erred in his finding of facts, in finding that the judgment rendered in cause number 434 by the United States Court at San Antonio, was a judgment in cause number 2147 in the United States Court at Austin.

5. The court erred in his first conclusion of law, that the defendant was bound to follow the case in the United States Court to San Antonio, and having failed to do so, was concluded by the judgment rendered in cause number 434 by the court at San Antonio.

6. The court erred in his second conclusion of law, that the judgment of the United States Court showed that the title conveyed by defendant to plaintiffs in said 235 acres tract of land had failed in said suit.

*Walton, Hill & Walton*, for appellees, controverted the propositions made by appellant, citing: Aycock v. Kimbrough, 71 Texas, 334; Thomas v. Hill, 3 Texas, 278; Frois v. Mayfield, 31 Texas, 367; George v. Taylor, 55 Texas, 100; Brown v. Hearon, 66 Texas, 64; Beers v.

Pinney & Green, 12 Wend., 309; Robbins v. Chicago, 4 Wall., 672; Chamblee v. Tarbox, 27 Texas, 144; Robertson v. Du Bose, 76 Texas, 1; 1 Greenl. Ev., sec. 75, note 5.

FISHER, CHIEF JUSTICE.—July 9, 1890, appellees brought this suit against appellant to recover $1675, with interest from March 12, 1890, till paid, and for cause of action suit was based on alleged breach of warranty given by appellant. The petition alleges, that on December 3, 1883, appellant, for money then paid and notes subsequently paid, all aggregating $1500, conveyed to them 235 acres of land, described in the petition, and expressly bound himself, his heirs, and executors to defend the title, etc. That appellant, at the time of making the deed, was not the lawful owner of the premises. That defendant had not defended the title. But the heirs of John W. Hann and John Nowlin, at the May Term, 1890, of the Circuit Court of the United States for the Western District of Texas, at San Antonio division, in a certain suit then pending, number 2127, wherein S. B. Arnold and others, heirs of John W. Hann, were plaintiffs and appellees were defendants, the plaintiffs in that suit recovered a judgment against the appellees for possession of said premises and for costs of suit, which costs amounted to $175, and by force of execution evicted appellees therefrom. That during the pending of said suit appellees notified appellant of the same, and requested him to come into court and defend his title, which he failed to do.

September 14, 1891, the appellees filed their amended petition, repeating in substance what was alleged in the original petition, with the further allegations: That appellant had put them in possession of the land, which they retained till May, 1890. That in August, 1889, S. B. Arnold et al., claiming to be the heirs of John W. Hann, brought suit against appellees, in the United States Court at Austin, for the recovery of the land, claiming to be the lawful owners of the same. That they notified him in writing thereof, required him to defend, and if he failed to do so and they were cast in the suit, they would demand the purchase money, $1800, etc. That he refused to make himself a party, or to defend or assist in defending said suit. That plaintiffs (appellees), fearing that the heirs of Hann would recover said property by reason of the failure of the title obtained from defendant (appellant), purchased a title to said property in the heirs of John Nowlin, paying therefor $1750, and pleaded the same in bar of recovery by the heirs of Hann, in addition to the pleas of not guilty, limitations, etc. That in 1890 the suit in the United States Court was removed to the San Antonio division of the court, where, on the 9th of May, 1890, judgment was rendered against "the plaintiffs" (appellees) in behalf of Arnold et al., heirs of Hann, on the pleas of not guilty and the pleas of limitation of three, five, and ten years; but upon the pleas of the title purchased from the heirs of Nowlin, a judgment, by consent

of plaintiffs in that suit, was rendered in behalf of plaintiffs (appellees) in this case. Whereupon plaintiffs (appellees) allege that defendant (appellant) at the time he sold said property had no title nor lawful right to sell the same. That he bound himself to defend the same; this he failed to do.

February 25, 1892, the case was tried by the court, and judgment rendered for $1175 with interest.

The trial court found the following facts, which we adopt as the findings of facts by this court.

"1. That on December 3, 1883, the defendant, Charles Thiele, executed to the plaintiffs a deed of conveyance to 235 acres of land out of the John W. Hann 640 acres survey, in Travis County, Texas, describing the said 235 acres by metes and bounds in said deed. That said deed contained the usual covenants of warranty, and the same was a general warranty deed to said land. That at the time of the delivery of said deed by defendant to the plaintiffs, they paid to defendant the sum of $235 in cash and executed to him their four promissory notes, each for the sum of $235, due respectively one, two, three, and four years after the date thereof, said notes bearing 10 per cent interest from date, and the payment of said notes being secured by a vendor's lien retained in said deed upon the said 235 acres tract of land. The said cash payment of $235 and the said four notes being delivered to the defendant by plaintiffs for the purchase money of said 235 acres tract of land.

"2. That the plaintiffs paid all principal and interest due upon each and all of said four notes, as the same matured, to the said Thiele or his assigns; the amount of principal paid on said notes being $1175.

"3. That in October, 1889, S. B. Arnold and others, claiming to be the heirs of said John W. Hann, instituted a suit in the Circuit Court of the United States for the Western District of Texas at Austin, against the plaintiffs in this suit and others, to try the title to the said John W. Hann 640 acres survey.

"4. That on October 16, 1889, and so soon as the plaintiffs in this suit were served with citation in said cause in the Federal court as aforesaid, these plaintiffs gave defendant, Charles Thiele, notice in writing of the pendency of said suit, the term of court and place where same would be called for trial, giving the names of the plaintiffs and defendants in suit, and the number of the suit was 2147, and notifying said Thiele that in said suit the said heirs of John W. Hann were seeking to recover from them the said 235 acres tract of land, and requesting the said Thiele to appear and defend said suit, as he had bound himself to do in his said deed, and notifying him that if he did not so appear and defend said suit, and they lost same, that these plaintiffs would demand of him a return of the money they had paid him, with interest, etc. The attorneys for the defendant in this suit admitted on the trial hereof that said notice

to defendant Thiele was sufficient under the statute to bring him into court and bind him by any judgment rendered in said cause in the Federal court at Austin, if he failed to appear in accordance therewith, but they contended that same would not require him to follow the said suit to San Antonio.

" 5. That said Thiele did not appear and defend said suit as notified.

" 6. That while said suit was pending in the Federal court at Austin, to-wit, on the 4th day of February, A. D. 1890, the plaintiffs, fearing that the title purchased by them from Charles Thiele would fail in said suit, joined with S. A. Johnson, John L. Anderson, and John E. Rolfe, and purchased from Louisa A. Armstrong, Sarah Jane Barnett, and Matilda Barnett Glover, joined by her husband Edward V. Glover, as the sole heirs of John Nowlin, deceased, the said John W. Hann 640 acres survey, paying therefor the sum of $1750 cash, as recited in their deed; that said deed executed by said Nowlin's heirs was a conveyance of the land without warranty of title.

. " 7. That the said cause in the United States Circuit Court at Austin, by the heirs of said Hann against these plaintiffs and others, was transferred from the Austin branch of said court to the San Antonio branch thereof for the Western District of Texas, and on the 9th day of May, 1890, at San Antonio, a judgment was rendered in said cause, of which the following is a copy, to-wit:

" From the minutes of the United States Circuit Court for the Western District of Texas at San Antonio, book B, pages 367, 368, and 369.

" FRIDAY, May 9, 1890.

"*Arnold et als. v. Anderson et als.*   No. 434.—Circuit Court United States, Western District of Texas, San Antonio Division, May Term, A. D. 1890.—On this 9th day of May, A. D. 1890, came the parties plaintiffs and defendants, said cause having been transferred from the Austin division by consent, and having in writing waived a jury and stipulated to submit both the issues of law and fact herein to the court, announced themselves ready for trial.

" Thereupon pleadings on the part of the plaintiffs were read, as also that of defendants, which consisted of plea of not guilty, three, five, and ten years limitations, and improvements in good faith; also the plea of holding under the purchase from the heirs of John Nowlin, which defendants claimed to be superior to that of the plaintiffs.

" Thereupon the evidence adduced on the one side and the other and the argument of counsel were heard by the court; and after consideration the court rules:

" 1. That the pleas of not guilty and limitations of three, five, and ten years are not sustained, and as to those the law of the case is with the plaintiffs.

" 2. As to the plea of the title purchased from John Nowlin heirs, it appearing to the court that the plaintiffs consent that it may be sustained, it is by the court sustained, and by consent of plaintiffs in that issue the law is with the defendants.

" It is therefore ordered, adjudged, and decreed by the court, that the defendants, A. F. Anderson, S. A. Johnson, J. L. Anderson, John E. Rolfe, John Axell, and Charles Axell, do have and recover of and from the plaintiffs, Mrs. S. B. Arnold, Martha Calvin, Ann E. Hann, Sarah E. Mathews, John C. Perry, Thomas C. Perry, Ann E. Earp and her husband, B. F. Earp; Digby V. Bell, of Wayne County, Michigan; Sarah Bradstreet, Charlotte Maria Butler and her husband, Abram G. Butler; Benjamin G. Hann, Jane Hann, Elenor Hall, George W. Hall, Kate B. Crane and her husband, W. A. Crane; Mary B. Baily, Stewart Baily, Custa Baily, Jennie Baily, Elizabeth Bell, D. V. Bell, of New York County, New York; Jeannette Louise Drake and her husband, Edward A. Drake; Julia Bell Webb and her husband, William E. Webb, the land in controversy, described as follows, to-wit:

" Six hundred and forty acres of land, in Travis County, Texas, about 19 miles north 62 east from Austin, described by metes and bounds as follows, to-wit: Beginning at a stake and mound, north corner of survey number 24; thence north 30 east 1900 varas to a stake and mound; thence north 60 east 1900 varas to a stake and mound; thence south 30 west 1900 varas to a stake and mound; thence north 60 west 1900 varas to the place of beginning. Patented to John W. Hann on the 21st day of January, 1854, patent number 567, volume 3, together with all the improvements thereon.

"And it appearing that said defendants are in possession of the said land, no writ of possession is awarded.

" It is ordered, by consent, that all cost accruing since the former trial of this case at the February Term, 1890, of the Circuit Court of the United States for the Western District of Texas, at Austin division, be assessed against the plaintiffs, for which let execution issue.

" The plaintiffs agree to the foregoing judgment.

[Signed]       " F. G. MORRIS, Attorney for Plaintiffs.

           " Z. T. FULMORE, Attorney for Defendants.

" *Number 434.—In the Circuit Court of the United States for the Western District of Texas, at San Antonio.*—I, W. C. Robards, clerk of the Circuit Court of the United States for the Western District of Texas, at San Antonio, do hereby certify that the foregoing and attached three pages of manuscript, numbered in the margin of said pages from 1 to 3, both inclusive, contain a full, true, and correct copy and transcript of the original judgment rendered by the Circuit Court of the United States for the Western District of Texas, at San Antonio, on the 9th day of May,

A. D. 1890, in the case of Arnold et als. v. Anderson et als., all of which appears from the records of said court now in my office.

" In testimony whereof, I have hereunto set my hand and affixed the seal of the Circuit Court of the United States of America for the Western District of Texas, at San Antonio, at my office, in said city of San Antonio, this 9th day of May, A. D. 1890.

[Seal]                                    " W. C. ROBARDS,
      " Clerk of the U. S. ——— Court, W. D. T., at San Antonio.
" By M. McMASTER, Deputy.

[Endorsed] " Number 434. In United States Circuit Court, Western District of Texas. Arnold et als. v. Anderson et als. Copy of judgment. Filed May 15, 1890, at 9:19 a. m.

                                          " FRANK BROWN, Clerk.
" By JEFF BROWN, Deputy.

" The State of Texas, County of Travis.—I, Frank Brown, clerk of the County Court within and for the county and State aforesaid, do hereby certify, that the within and foregoing instrument of writing, with its certificates of authentication, was filed for registration in my office on the 15th day of May, A. D. 1890, at 9:19 o'clock a. m., and duly recorded the 15th day of May, A. D. 1890, at 6 o'clock p. m., in the records of said county, in book number 99, pages 40, 41, 42.

" Given under my hand and seal of the County Court of said county, the date last above written.

[Seal]                                    " FRANK BROWN,
                    " Clerk County Court Travis County, Texas.
' By H. G. WICKES, Deputy.

" That the foregoing copy of said judgment was the only evidence connecting the case at Austin with the San Antonio case, or showing that they were the same case; but from the names of the parties and subject matter of the suit, and the fact that same was transferred, it is found that they are one and the same case."

Opinion.—1. The appellees, plaintiffs below, in the trial court, at some stage during the pendency of this suit, took a nonsuit and the cause was dismissed. They subsequently made a motion in writing to have the order of dismissal set aside, and that the case be reinstated upon the docket. This was done by the trial court, as requested, and the costs were taxed against the appellees. The appellant objected to the reinstating of the case upon the docket and to setting aside the order of dismissal, because no grounds therefor were stated in appellees' motion, and no reasons were shown or existed that authorized the trial court to set aside the order of dismissal and to reinstate the case.

It does not appear from the record what facts, if any, influenced the action of the trial court in this particular, nor is it shown that the court did not have before it some facts that would authorize it to exercise its discretion in the matter.    In complaining of orders of this character, the party should come prepared to show that the court has abused its discretion in acting in the manner complained of.    This is not shown in this case.

2. No error was made in overruling the appellant's demurrer to the petition.    It sufficiently described the land, and alleged that the appellant had no title to convey at the time he executed his deed with covenant of warranty to the appellees, and that such title had been defeated by the heirs of John W. Hann by the judgment rendered in the Federal court in a suit in which the title to this land was involved, and in which the appellees were defendants, and of the pendency of which suit the appellant had notice and was requested and invited to become a party in order to defend the title he had conveyed to the appellees.    We think these facts stated a good cause of action against the appellant on his warranty.

3. The point is raised in the fourth assignment of error, that the identity between cause number 434 in the Federal court at San Antonio and cause number 2147 in the Federal court at Austin is not shown.    It seems that the suit was originally instituted in the United States Circuit Court at Austin, and was subsequently transferred to the same court sitting at San Antonio, where it was finally disposed of by the judgment rendered in the cause.    We think the identity of these suits as the same controversy is shown by the facts.

4. The proposition is submitted in appellant's fifth assignment, that as he was notified to appear and defend the suit pending in the Federal court at Austin, he was not required to follow the cause to San Antonio upon its removal there, and that the judgment rendered in the Federal court at San Antonio is not binding upon him.

We can not assent to the correctness of this proposition.    If the appellant was properly notified so as to make him a party to the suit pending at Austin, his status as a party is not lost or destroyed upon changing the venue of the cause for trial to some other county or place.    If he is originally correctly in the suit, he is in it until its final disposition, unless he is dismissed by death or agreement of the parties or order of the court. He is not lost as a party by the act of transfer from one place to another.

5. In reply to the sixth assignment of error, we think it sufficiently appears from the facts that the 235 acres of land conveyed by the deed executed by the appellant to appellees is a part of the 640 acres J. W. Hann survey litigated in the suit in the Federal court at San Antonio.

The judgment rendered by the Federal court shows that the appellees filed a plea of not guilty to the title asserted by the heirs of J. W. Hann,

the plaintiffs in that cause, and that judgment recites, " that the pleas of not guilty and limitation of three, five, and ten years are not sustained, and as to those the law is with the plaintiffs."

We think that this, in effect, is a judgment in favor of the plaintiffs in their suit against the defendants (the appellees here) for the land in controversy in that suit, which is shown to include the same land conveyed by the deed of appellant to these appellees. The effect of this judgment is to establish the superiority of the title of Hann's heirs over that of the appellees — acquired from the appellant — to the land in controversy. The appellant, in legal contemplation, being a party to that judgment, it is conclusive and binding upon him.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered December 13, 1893.

ON REHEARING.

FISHER, CHIEF JUSTICE.—In reply to appellant's motion for rehearing, we desire only to notice the question raised as to the measure of damages. The court below, and this court in its original opinion, held that appellee was entitled to recover from appellant the amount of purchase money paid him for the land. We are still of the opinion that this ruling is correct. The judgment rendered in the Federal court established the fact that the title of the Hann heirs was superior to that which the appellees had acquired from the appellant. The establishment of this fact by a judgment, to which we hold that the appellant was a party, establishes the superiority of the Hann title, and as a consequence the breach of the covenant of warranty executed by Thiele. The cost of the title which the appellees acquired from the heirs of Nowlin is not the measure of damages for the breach of appellant's warranty. That title is a matter about which the appellant has no concern. If the appellees saw fit to purchase that title, it could not result to the benefit of appellant, and would not relieve him from the consequences that resulted from a total failure of the title which he attempted to convey to appellees. To rule otherwise would be to hold that the appellees must, in addition to the payment made in subsequently acquiring a good title, pay the appellant in part for a title which a legal judgment, binding upon him, has declared to be worthless. Such a holding would relieve the appellant from the consequences of the breach of his covenant of warranty, and would require the appellees to pay twice for the same land.

*Motion overruled.*

Delivered January 24, 1894.