## W. H. HITSON *v.* P. T. HURT.

### Decided February 23, 1907.

**1.—Pleading—Amendment—Limitation.**

In a suit for the conversion of property an amendment or supplemental petition which varies from the original petition only in the allegation that the defendant promised to pay for the property charged to have been converted, does not set up such a new cause of action as will let in the statute of limitation.

**2.—Nonresident—Jurisdiction.**

A suit by attachment against a nonresident for the conversion of personal property may be maintained in this State upon the implied promise to pay for the property converted.

**3.—Verdict—Indefinite Proof.**

In a suit for the conversion of sheep and wool, the fact that plaintiff's proof may have failed to show the full extent of his loss was no reason why the jury should not award him the amount which the proof certainly showed he had lost.

**4.—Witness—Impeachment.**

Evidence that a witness conducted or was an habitue of a disreputable dancing aggregation, is not admissible for the purpose of impeaching him.

**5.—Verdict—Sufficiency of Evidence.**

In a suit for the conversion of sheep and wool, circumstantial evidence considered, and held sufficient to support the verdict.

Appeal from the District Court of Taylor County. Tried below before Hon. J. H. Calhoun.

*W. B. Lewis, Leggett & Kirby* and *Matlock, Miller & Dycus,* for appellant.

*D. G. Hill* and *J. M. Wagstaff,* for appellee.

CONNER, CHIEF JUSTICE.—This appeal is from a judgment in appellee's favor aggregating the sum of $1,904.50, for the conversion in

New Mexico of certain sheep and wool, with a foreclosure of an attachment lien upon lands situated in Taylor County, Texas. The recovery was had upon an amended original petition filed by the appellee on June 30, 1904, the original having been filed on the 23d day of September, 1902.

The petition upon which the trial proceeded, as we construe it, sets up substantially the same cause of action as the original, save that in the amended petition there was an additional or supplementary allegation that appellant promised to pay for the property that both petitions charged he had converted to his own use about June 1, 1902. The amendment did not amount to an abandonment of the original and the substitution of an entirely new and distinct cause of action subject to the two years statute of limitation. The court therefore properly declined to instruct the jury that the action was barred. (Johnson v. Texas Cent. Ry. Co., 93 S. W. Rep., 433, and authorities therein cited; Gulf, C. & S. F. Ry. v. Richards, 11 Texas Civ. App., 102.)

For the same reason no error appears in the court's action in refusing to give appellant's special instruction to the effect that if the jury found that the allegation of a promise to pay had been fraudulently made for the purpose of conferring jurisdiction on the Texas court, they would find for the appellant. Conceding that the averments amount to a declaration of an express promise to pay, as a distinct cause of action, it was by no means necessary to the court's jurisdiction, or even to appellee's right of recovery. There was an implied promise to pay arising from the conversion charged, and if appellee chose to waive the tort and sue for the conversion and upon the implied promise, he could do so. And inasmuch as the plaintiff alleged the specific number and value of the converted property and that appellant was a nonresident, he was authorized to sue by attachment, as he did, in the proper court of this State. (Rev. Stats., art. 186, clause 2; and art. 1194, clause 3; Felker v. Douglass, 57 S. W. Rep., 323; Gould v. Baker, 12 Texas Civ. App., 670.) The issue of an express promise is therefore immaterial, particularly in view of the fact that the court did not submit it as a ground of recovery.

The special charge referred to in the third assignment to the effect that the verdict should be for appellant in event the jury were unable to determine "how many of said sheep and how much of said wool" had been converted, is inapplicable to the facts of this case and would have been misleading. Appellee's evidence was undoubtedly such as to enable the jury to find that not less than a specified number of sheep and a certain number of pounds of wool, having a distinct market value, had been converted by appellant as alleged, and for this appellee was entitled to recover, notwithstanding his failure to show the precise extent of a probably greater loss.

For the purpose of impeaching certain of appellee's witnesses appellant sought to show that they conducted or were habitues of a disreputable dancing aggregation in New Mexico. No authorities, however, are cited in opposition to the court's rulings in excluding this testimony, and we think he properly did so.

In the remaining assignments it is urgently insisted that the evidence fails to support the verdict. While voluminous and sharply conflicting,

it, as a whole, in our judgment fully supports the result of the trial. For instance, it is undisputed that at about the time of the alleged conversion appellant had his sheep sheared and changed the marks of many in the herd. Appellee, who is in nowise impeached, identified several hundred parts of ears taken from the shearings pens that showed a change of mark from that of appellee to that of appellant. Tom May testified that after the shearing he saw in appellant's herd four or five hundred that belonged to others, including appellee. The testimony of McIntyre, Cox and others, tended to show the conversions charged and that appellee's herd had been depleted in number at least equal to the alleged loss, while appellant's had been correspondingly augmented beyond what some of the evidence indicates was natural. It is true that a number of the witnesses by which these facts were shown were impeached and contradicted and that appellant's testimony supported his denial of a conversion, but the whole was for the jury. Under our law the jury were the exclusive judges of the credibility of the witnesses and the weight to be given to the testimony, impeached, contradicted or discredited though some of them may have been. Judgment affirmed.

*Affirmed.*

Writ of error refused.