·J. T. SIMMONS v. J. M. CLARK.

Decided June 11, 1910.

**Fraud—Exchange of Land—Measure of Damages.**

    In a suit for damages for fraudulent representations by which plaintiff was induced to exchange land with the defendant, the true measure of damage would be the difference between the market value of the land received by plaintiff from the defendant, and that given by plaintiff therefor.

Appeal from the District Court of Eastland County. Tried below before Hon. Thos. L. Blanton.

*J. E. McCarty, Earl Conner* and *Theodore Mack,* for appellant.

*Scott & Brelsford,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—A trade was effected by virtue of which J. T. Simmons executed a deed in favor of J. M. Clark purporting to convey three sections of land in Winkler County, and Clark conveyed to Simmons three hundred and twenty acres of land in Brown County. This suit was instituted by Clark to recover of Simmons damages for alleged fraudulent misrepresentations by the latter which in-

duced Clark to make the trade, and judgment having been rendered in plaintiff's favor for five hundred and fifty-two dollars, Simmons has appealed.

Simmons had contracted with the State for the purchase of the land, which was public school land, but his title had been forfeited by his failure to occupy it as required by the statutes. The fraud alleged in plaintiff's petition as the basis for a recovery consisted of an alleged representation by Simmons that he had occupied the land in the manner and for the length of time required by the statutes and had made the necessary proof of such occupancy. In the deed of conveyance from Simmons the grantee agreed to assume the payment of the balance owing the State by Simmons.

After the trade was consummated Clark learned of the forfeiture of Simmons' title to the land, and then purchased it from the State but at a higher price than Simmons had contracted to pay. The trial court charged the jury substantially, that in the event of a verdict in plaintiff's favor he should be allowed as damages any additional amount he was required to pay in repurchasing the land from the State, over and above the amount he, in the trade with Simmons, had agreed to assume, and also the difference in the market value of the land occupied and proved up as required by law and the value of such land without such occupancy and proof of occupancy. This instruction was erroneous. The true measure of plaintiff's damages for the alleged fraud, if any, practiced upon him was the difference between the market value of the property received by him from Simmons and that given by plaintiff in exchange therefor. George v. Hesse, 100 Texas, 44; Tompkins v. Perry, opinion by this court, dated May 14, 1910, not yet published. (61 Texas Civ. App., 183.)

In oral argument, counsel for appellant announced that the assignment presenting the error discussed above was the only one relied on in this court, and therefore other assignments presented in appellant's brief will not be noticed.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*