PARTRIDGE v. WOOTON.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 10, 1910.)

1. JUDGMENT (§ 324*)—AMENDMENT.

Under Rev. St. 1895, art. 1356, authorizing amendments in open court of judgments, the court, on petition to correct a mistake in a judgment, may act on its own recollection, or on such legal evidence as to it may seem proper, and evidence consisting of formal bills of exception, duly made and filed, is sufficient.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 623–625; Dec. Dig. § 324.*]

2. APPEAL AND ERROR (§ 347*)—TIME FOR APPEAL.

The time within which an appeal from a judgment must be taken must be computed from the date of the entry of a nunc pro tunc order correcting the judgment, so as to show that it disposed of all the issues.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1897–1899; Dec. Dig. § 347.*]

3. SALES (§ 287*)—ACTION FOR PRICE—FAILURE OF CONSIDERATION.

Where a maker of a note given for the price of a jack, bought for breeding purposes and warranted by the seller, answers, in a suit on the note, that the representations were false, and claims a total failure of consideration, the maker, though retaining the animal, may yet recover damages for a partial failure of consideration by proving a breach of the warranty, and that the animal has some value, so that an instruction that an offer to return was essential to a recovery by defendant was erroneous.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 811–816; Dec. Dig. § 287.*]

4. SALES (§ 287*)—BREACH OF WARRANTY—RETURN OR TENDER OF ARTICLE BOUGHT.

A buyer of a jack for breeding purposes, who shows that the jack is worthless and with-

───────────────

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

out any market value in the United States, is entitled to relief without returning or tendering a return of the animal.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 811–816; Dec. Dig. § 287.*]

5. TRIAL (§ 191*)— INSTRUCTIONS — ASSUMPTION OF FACT.

A charge which assumes a fact in issue for the jury is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

Appeal from Haskell County Court; Joe Irby, Judge.

Action by J. E. Wooton against James Partridge. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

See, also, 137 S. W. 412.

Helton & Murchison, for appellant. H. G. McConnell and Gordon B. McGuire, for appellee.

CONNER, C. J. On the 13th day of January, 1904, appellee, J. E. Wooton, instituted this suit in a justice court of Haskell county, upon a note executed by appellant, James Partridge, dated April 30, 1903, for the sum of $100, together with interest at the rate of 10 per cent. per annum, and attorney's fees of 10 per cent. of the amount of the note. A trial in the justice court resulted in a judgment for the plaintiff in the suit, and the defendant, James Partridge, duly prosecuted an appeal to the county court. In the county court the defendant filed formal amended answer in writing in which, by special plea duly verified, he alleged that the note had been executed by him for the purchase money of a certain jack, bought, as the plaintiff well knew, for the purpose of breeding mules; that the plaintiff had represented the jack to be a "good foal-getter"; that he had relied upon the representations made, and was induced thereby to purchase the jack and execute the note, that "such representation was false, and said jack was and is utterly worthless and of no value to the defendant, James Partridge." He therefore alleged that the consideration for the note had failed, and he prayed that the note be canceled, and for general relief. Appellant further presented in the county court a special plea in the nature of a cross-action for damages in the sum of $200 because of the false representations alleged.

A trial in the county court was had on the 20th day of January, 1908, which resulted in a verdict and judgment for appellee, and appellant prosecuted an appeal to this court, which, on December 19, 1908, was dismissed for want of a final judgment; it not appearing that the judgment in any manner disposed of appellant's cross-plea for damages. See conclusions in the case of James Partridge v. J. E. Wooton (No. 5,876) 137 S. W. 412. On the 15th day of October, 1909, appellee, Wooton, filed in the county court a petition for a nunc pro tunc order, showing

that appellant's cross-bill had been disposed of by the court's ruling upon a general demurrer to appellant's said cross-plea. Upon a hearing of the motion on October 20, 1909, the county court granted it, and thereby, in effect, rendered the original judgment of the county court final. To this proceeding appellant urged a number of objections, and has again appealed from the original judgment.

Several preliminary questions have been presented on this appeal, of which we will first dispose.

[1] Appellant first questions the admissibility of the evidence upon which the court acted in entering the nunc pro tunc order. This evidence consisted of formal bills of exception, duly made and filed at the time, to the original action of the court in sustaining appellee's demurrer to appellant's cross-action for damages. While some authorities, including some of the earlier decisions of our own courts, seem to support appellant's contention, we think it now settled in this state that in the correction of a judgment, as authorized by the Revised Statutes of 1895, art. 1356, the court may act upon his own recollection, or upon such legal evidence, oral or otherwise, as to the court may seem proper. See Ft. W. & D. C. Ry. Co. v. Roberts, 98 Tex. 42, 81 S. W. 25. See, also, Freeman on Judgments, § 53. No error, therefore, was committed in the particular mentioned.

[2] Appellee, in turn, insists that the appeal should be dismissed because not prosecuted within the proper time; his insistence being that the time for an appeal to this court should be computed from the 20th of January, 1908, the date of the original judgment, instead of from the date of the entry of the nunc pro tunc order. If from the former date, appellant has lost his right of appeal; if from the latter date, it is conceded that the appeal now before us has been properly prosecuted. To aid us in the solution of the question thus presented, no authorities of our own have been presented, nor, indeed, have we been cited to or able to find anything directly in point.

In speaking of the entry of judgments nunc pro tunc, Mr. Freeman, in his work on Judgments (4th Ed.) vol. 1, § 67, among other things, says that: "For most purposes, the effect of the judgment is not different from what it would be, had it not been entered nunc pro tunc, because, until its rendition, no proceedings could be taken for its enforcement. Therefore the statute of limitations does not commence to run against an action upon it, until the date of its actual rendition"—citing Borer v. Chapman, 119 U. S. 587, 7 Sup. Ct. 342, 30 L. Ed. 532, which sustains the text. In the case cited, among other things relating to the nunc pro tunc entry there considered, the court said: "The date of the entry is by a fiction of law made and considered to

be the true date of the judgment for one purpose only, and that is to bind the defendant by the obligation of the judgment entered as of a date when he was in full life; but the right of the complainant in this appeal to enforce that judgment by the present proceeding certainly did not begin, until after the judgment in that form was actually entered. Until that time, the right was in abeyance; the litigation had, until thus ended, been continuously in progress. It cannot be that the statute of limitations will be allowed to commence to run against a right, until that right has accrued in a shape to be effectually enforced." In the case of Coe v. Erb, 59 Ohio St. 259, 52 N. E. 640, 69 Am. St. Rep. 764, it was held that the entry of a judgment nunc pro tunc would not be held effective as a lien against a purchaser of real property from the judgment debtor without notice of the judgment, prior to its actual entry. So, in Fewlass v. Keesham, 88 Fed. 573, 32 C. C. A. 8, it was held that limitation did not begin to run against an action on a cost bond, until the rendition of the judgment for costs against the principal, and that the fact that such judgment was entered nunc pro tunc as of a prior date did not affect the operation of the statute. So that, it seems to us, whatever may be said under other circumstances, appellant's right of appeal extended, not from the original entry of the judgment, but from the date of the entry of the nunc pro tunc order, which rendered the original judgment effective.

The court's order upon general demurrer, dismissing appellant's cross-action for damages, ought to have appeared in the original judgment entry; but, as appears from the recitation in the nunc pro tunc order, its omission was due to the failure of the clerk, and appellant should not be prejudiced in his right of appeal thereby. The judgment, as formerly adjudicated by this court, was not final. Appellee recognized its unenforceability and sought its correction by the nunc pro tunc order. Until it was final, we were without jurisdiction. At no period prior to the entry of the nunc pro tunc judgment could appellant successfully prosecute an appeal, and we therefore hold that his appeal has been taken in due time. O. C. & T. Ry. Co. v. Magee (6642, decided by this court November 26, 1910, and not yet officially published) 132 S. W. 901.

This brings us to a consideration of the merits of the appeal. Among other things, the court charged the jury that: "Before you can render a verdict for the defendant in this cause, you must first find from the evidence that defendant returned or offered to return, within a reasonable time after the execution of the note, the jack in question."

[3] Error is assigned to this charge, and we think the assignment must be sustained. The court had sustained an exception to that part of appellant's plea of failure of consideration tendering the jack in question, and, while the plea prayed for cancellation of the note, its substance was one of a total failure of consideration, under which appellant would be entitled by way of damages to a partial failure, if proven, notwithstanding a retention of the jack, if retention there was. See Suttle v. Hutchinson, 31 S. W. 211; Ford et al. v. Oliphant et al., 32 S. W. 437; Mills v. Johnson, 3 Tex. Civ. App. 359, 22 S. W. 530; Wintz v. Morrison, 17 Tex. 372, 67 Am. Dec. 658. Moreover several witnesses testified to the effect that the jack was useless for the purpose for which he was purchased. Appellant testified that he was "absolutely worthless" to him; " * * * that the jack was no account. * * * " "I bought that jack for five years old, but he was three fives. * * * " "After I had discovered the true condition of the jack, he had no market value at all." It is true that appellant stated on cross-examination that in testifying that the jack had no market value he had reference to his value for breeding purposes only; but that if he was in good condition "he could have been made a pack mule out of, if we had him in Old Mexico;" that he was too contrary to plow or work in a wagon; that the only place that the jack would have any value would be in Old Mexico, and appellee testified to the effect that he had known several smaller animals sold in his neighborhood from $15 to $20 apiece as work animals, and for children to ride.

[4] Appellant's testimony, we think undoubtedly tended to show that the jack was worthless and without a market value in this country, and, if so, in no event was a return or tender necessary, in order to entitle defendant to relief. The court's charge, however, took this issue from the jury, and in effect amounted to a peremptory instruction in appellee's behalf, inasmuch as it is undisputed in the evidence that appellant never tendered to appellee the jack in return. See Ash v. Beck, 68 S. W. 55; Thiele v. Axell et al., 5 Tex. Civ. App. 548, 24 S. W. 803.

[5] Other assignments not disposed of by what we have said need not be noticed, further than to say that, as presented, the court committed no error in refusing appellant's special charge No. 3, for the reason that in effect it assumed that the jack was wholly without value. This, as has been indicated, was an issue for the jury, and, should the jury find that the jack had a value, then, at most, appellant, upon a finding in his favor of the false representations alleged by him, would be only liable for such value, with interest, etc.

For the error in the charge of the court quoted, it is ordered that the judgment be reversed, and the cause be remanded.