PICKENS v. MAJOR et al.

(Court of Civil Appeals of Texas. Dallas. July 1, 1911. Rehearing Denied Oct. 7, 1911.)

1. FRAUD (§ 59*)—FALSE REPRESENTATIONS—MEASURE OF DAMAGES.

In an action for damages for false representations, inducing an exchange of property, the measure of damages is the difference between the value of the property parted with by the person defrauded and the value of the property received by him.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

2. CANCELLATION OF INSTRUMENTS (§ 43*)—FRAUDULENT REPRESENTATIONS—ALTERNATIVE RELIEF—EVIDENCE.

Where, in a suit to rescind an exchange of certain land for corporate stock, for false representations, plaintiff also charged that by reason of the facts alleged he had sustained damages and prayed that, if he was not entitled to rescind, he might recover such damages, the court properly permitted testimony as to the value of the land.

[Ed. Note.—For other cases, see Cancellation of Instruments, Dec. Dig. § 43.*]

3. WITNESSES (§ 346*)—CREDIBILITY—EVIDENCE.

Where, in a suit to rescind an exchange of property for fraud or, in the alternative, for damages, P. and his brother were codefendants, and P. testified to facts which, if true, would adversely affect plaintiff's right to recover, plaintiff was entitled to show that on a prior occasion P. had offered to furnish the necessary testimony to win plaintiff's suit in consideration of money or protection to his brother against liability.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1133; Dec. Dig. § 346.*]

Appeal from District Court, Ellis County; S. P. Skinner, Special Judge.

Action by B. D. Pickens against W. W. Major and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

G. C. Groce, for appellant. Farrar & McRae, for appellees.

TALBOT, J. This suit was instituted by the appellant to rescind and cancel a sale and conveyance by him on November 13, 1907, to appellee W. W. Major, for himself and his coappellees, of a farm of 350 acres of land in Ellis county, Tex., valued at $21,000, in consideration of stock in the Midlothian Water Company, a private corporation, of the par value of $14,000, transferred and to be transferred by appellees to appellant,

and the assumption on behalf of appellees of a mortgage indebtedness on the farm of $5,000 and notes to appellant to the amount of $2,000, or in the alternative for the damages sustained by appellant alleged to have resulted from such misrepresentations. The sale in question was sought to be rescinded because of alleged fraudulent representations charged to have been made by appellees, W. W. Major and J. A. Posey, acting for themselves and their coappellees, to the effect, in substance, that the capital stock of said corporation was $20,000, which had been fully paid in cash, and invested in its plant; that in addition thereto there had been invested in said plant about $5,000 of earnings, and $10,000 of borrowed money, for which last there was an outstanding mortgage upon the plant; that the plant was practically new and in good condition, and was a profitable, paying enterprise; that because Posey, the person in charge of the plant, was soon to leave the state, said Major and his associates were anxious to associate with themselves in said enterprise some person of experience in the ice business; that he, said Major, did not wish to sell his stock in said concern, but would continue interested therein, and buy more stock if a person experienced in the ice business could be associated with them; that said Major promised that if appellant would buy a controlling interest in the stock of said corporation, and after proper time, investigation, and experience should be dissatisfied, that he would take the stock off of his hands for the amount paid therefor; that pending said negotiations said Major and Posey, or one of them, tendered and delivered to him, appellant, a written memorandum upon a bill head of said corporation, purporting to show the amount of business and expense of said corporation for six months as to ice and twelve months as to light, water, and expenses; that the purpose and intent of this memorandum, and its legal effect, was to represent to appellant that, for the period of time mentioned therein next before its delivery, the earnings of said corporation had been approximately $7,700, its expenses approximately $5,100, and its profits $2,510, based on rates charged by it, which were those usually and ordinarily charged by like concerns for like services. It was further charged that appellant, while he had had some experience in the ice business, had had none at all in so far as furnishing lights and water to the public were concerned; that he relied upon and believed these representations, because of which he made but a cursory examination of the plant of the corporation, and no examination of its books; that, in reliance upon these representations, and others, he made the trade in question, and there were delivered to him certificates of stock in said corporation to the amount of 131⅔ shares,

some being delivered by each of appellees, except said Major; and that there remained 8 shares, which were to be delivered in a reasonable time, but were in fact never delivered. The falsity of the representations alleged was charged, and also a demand for a rescission before suit was brought, which was declined. The petition further avers and charges "that no fact exists which should equitably bar his right of rescission herein, but, if mistaken in this, he alleges that, under the facts as they actually existed at the time of the transfer to him of the shares of the stock above mentioned, said shares were not worth actually exceeding $100, whereas, had the facts been as represented to him, such shares would have been worth $14,000, and, in the representations made as aforesaid, the defendants, Major and Posey, acted, as above stated and charged, not only for themselves, but for their codefendants herein, wherefore all of said defendants are liable to plaintiff for the damages sustained by him, resulting from such misrepresentations, if for any cause it be held that he is not entitled to rescission, but is remitted to his action for damages." Plaintiff further charges and avers that the rental value of said lands is $15,000 per annum, and in the prayer of his petition he seeks a recovery of the same, and, after praying for rescission, further says: "But if mistaken in this may plaintiff have and recover from the defendants his damages suffered by reason of the facts as alleged, or such other further or different relief in the premises as he may be entitled to by the rules, either of law or equity." The answer put in issue all the material allegations of the petition, and claimed that appellant made the trade sought to be rescinded, not upon the faith of any representations made by appellees, but in reliance upon his own experience, and judgment, after full investigation. A trial before a jury resulted in a verdict and judgment for appellees, and, a new trial being refused, this appeal was perfected.

In view of the fact that appellant sought, in the event he was not entitled to a rescission of the sale and conveyance made to appellees, to recover the damages alleged to have been suffered by him as a result of the fraudulent acts and conduct charged, the court did not err in admitting testimony as to the value of the land involved in the suit.

[1] It seems to be well settled that, in an action to recover damages for false representations inducing an exchange of property, the true measure of damages is the difference between the value of the property parted with by the person defrauded and the value of the property received by him.

[2] Appellant's action was primarily for a rescission of the contract of sale made to

139 S.W.—66

appellees; but having also charged that by reason of the facts alleged he had sustained damages, and prayed in the alternative that, if he was not entitled to rescind, he have a recovery for the amount of such damages, the value of the land traded to appellees was material upon that issue. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772. The first assignment of error is therefore overruled.

[3] The second assignment of error is as follows: "The court erred in excluding the testimony offered to show, in substance, that defendant and witness J. A. Posey had offered for money, or for protection to his brother, and codefendant, H. H. Posey, to furnish testimony to win plaintiff's suit, all as shown by bill of exception No. 1; such testimony being admissible as going to the credibility of said J. A. Posey as a witness." We think this assignment is fairly supported by the bill of exceptions and should be sustained. The witness was not only a party to the action, but also a brother of his codefendant, H. H. Posey, and especially concerned and interested, on account of his brother, in defeating plaintiff's suit. From the testimony offered and excluded, as shown by the bill of exceptions, the jury might have legitimately inferred and concluded that the witness had indirectly, if not directly, offered "for money, or for the protection of his brother, to furnish the necessary testimony to win plaintiff's suit"; that is, that he himself, or some one procured by him, would testify on the trial to such facts as were necessary to the accomplishment of that end. The evidence was sharply conflicting upon nearly all the material issues in the case, and this witness' testimony, upon the trial, was damaging to appellant. The bill of exceptions states that counsel for plaintiff, after the court had excluded the testimony referred to of J. A. Posey, offered to prove and could have proved by George Sweatt that in the town of Waxahachie, since the institution of this suit, in Henry Forbes' office, the sheriff's office in the courthouse in Waxahachie, the witness J. A. Posey did say to Henry Forbes, in his (Sweatt's) presence, that if Dave Pickens, plaintiff in this suit, would put up from $1,500 to $2,500, he (Posey) would win his case for him, and that the court refused to permit this testimony. The testimony offered was, in our opinion, admissible as going to the weight and credibility of the witness Posey, and its rejection, in the state of the record before us, was error prejudicial to the appellant.

The matters complained of in the other assignments are well settled against the contention of appellant.

For the error indicated, the judgment of the lower court is reversed, and the cause remanded.