PATTERSON v. McMINN.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 14, 1912.)

1. EXCHANGE OF PROPERTY (§ 8*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

The measure of damages for breach of contract to exchange properties is the difference between the market value of the property received by plaintiff and that given by him in exchange to defendant.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. § 8.*]

2. EXCHANGE OF PROPERTY (§ 5*)—FRAUD—RESCISSION.

Where plaintiff exchanged his property for the property of defendant without discovering defendant's fraud, he could rescind, offering to return the property received by him under the contract, or he could retain the property so received and sue for his damages, but defendant could not choose the remedy for plaintiff.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 6–10; Dec. Dig. § 5.*]

3. EVIDENCE (§ 471*)—OPINION EVIDENCE—CONCLUSION OF WITNESS.

A question put to a plaintiff suing for breach of contract for the exchange of properties, "What is the amount of your damages, if any, by reason" of the shortage in the property delivered by defendant? is objectionable as calling for a conclusion of the witness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

4. ATTACHMENT (§ 8*)—UNLIQUIDATED DEMANDS FOR BREACH OF CONTRACT.

Under Sayles' Ann. Civ. St. 1897, art. 186, authorizing an attachment when an affidavit is made stating that defendant is justly indebted to plaintiff in the amount of the demand, etc., an unliquidated demand for breach of contract to exchange properties sustains an attachment on plaintiff filing a proper affidavit.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 30; Dec. Dig. § 8.*]

5. ATTACHMENT (§ 217*) — REMEDY — FORECLOSURE.

Under Sayles' Ann. Civ. St. 1897, art. 214, providing that, when an attachment issued from a county court has been levied on land, the judgment shall only recite the issuance and levy, which recital preserves the lien, etc., the county court in attachment may not foreclose the lien, but in its judgment it must recite the issuance and levy of the attachment and thereby preserve the lien, the benefit of which may be obtained by levy and sale under execution.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 735–752; Dec. Dig. § 217.*]

Appeal from Shackelford County Court; J. A. King, Judge.

Action by M. W. McMinn against R. J. Patterson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Earl Conner, of Eastland, and R. L. Allen, of Albany, for appellant. A. A. Clarke and S. C. Coffee, both of Albany, for appellee.

CONNER, C. J. Appellee McMinn instituted this suit against R. J. Patterson alleging, in substance, that in 1911 an exchange of properties had been made between the parties named; that the plaintiff McMinn was the owner of certain property described in the petition situated in Oklahoma, and that the defendant Patterson was the owner of certain other property situated at Moran in Shackelford county, Tex.; that the parties mutually agreed upon an exchange of said properties at estimated values; that among other things to be transferred to and acquired by the plaintiff were certain notes and accounts due to the defendant which had accumulated during the latter's business at Moran; that the defendant fraudulently represented the amount of said notes and accounts to be $2,500, whereas in truth they amounted to $700 less than the amount represented, and the plaintiff sought to recover the $700 as his damages. The trial before a jury resulted in a verdict for the plaintiff in the sum of $175.22 and for a foreclosure of an attachment lien that the plaintiff had acquired by the levy of a writ sued out at the institution of the suit, and the defendant has appealed.

[1] Error is assigned to the following section of the court's charge: "Now if you believe from the evidence and a preponderance thereof that plaintiff and defendant entered into such a contract as alleged by plaintiff on or about the 29th day of June, 1911, and by the terms of which contract and agreement defendant contracted and agreed to

turn over and deliver to plaintiff notes and accounts of the character alleged by plaintiff, and that defendant breached said contract and failed and refused to turn over and deliver to plaintiff notes and accounts as per the terms of said contract or agreement, if any, then you are instructed that plaintiff would be entitled to recover against defendant such sum as equals the difference in amount between the sum of $2,500 notes and accounts which he agreed to turn over and deliver, if he did so agree, and the sum of the amounts that he did in fact deliver to the plaintiff under such agreement, if you find that he made such agreement not to exceed the sum of $700.90, the amount for which plaintiff sues." We are of opinion that the charge is clearly erroneous. While appellee charged fraud, it appears from his allegations as a whole and from the undisputed evidence that he was not seeking a rescission of. the contract of exchange, but only sought to recover damages because of its alleged breach. The charge, therefore, was erroneous as to the measure of damages. The true measure was not the value, if any, of the notes and accounts that appellant failed to deliver under his agreement, if he did so fail to deliver, but the difference in appellee's favor, if any, between the market value of the whole property received by him and that given by him in exchange therefor. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Pickens v. Major, 139 S. W. 1040; Simmons v. Clark, 130 S. W. 619.

[2] Error is also assigned to the following portion of the court's charge: "If you should believe from the evidence that before the trade or contract, if any, was completed between plaintiff and defendant, and upon the dissatisfaction of plaintiff made to the defendant you find that the defendant in good faith offered to and proposed to retrade or re-exchange the property delivered to him (plaintiff) for the property traded to defendant by plaintiff, and make him whole in the transaction, and that plaintiff did refuse and decline to accept the offer made by defendant to re-exchange or sell back property with defendant, then plaintiff would be estopped from recovering anything in this suit." Appellant's contention is that if he offered to rescind and make the plaintiff whole, as he pleaded and as there was evidence tending to show, that then the plaintiff could not recover whether the fraud charged was discovered before or after the exchange of properties had been concluded. We must overrule this contention, however. If before the consummation of the exchange the plaintiff discovered the fraud and he declined an offer to rescind, then it might well be said that he waived the fraud by thereafter concluding the exchange with full knowledge of the condition and value of the property received by him, and this was evidently the

view of the trial court as indicated in the charge given and which we think was the proper view if the evidence raised the issue. If, on the other hand, the fraud was not discovered until after the exchange of the properties and after the plaintiff had received the properties for which he contracted, he was entitled to the choice of two remedies. He could either sue to rescind, offering to return all properties received by him under the contract, or he could retain the properties received and sue for his damages, if any, and the defendant would have no right to choose his remedy for him. See Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717; Brantley v. Thomas, 22 Tex. 271, 73 Am. Dec. 264; Aultman & Taylor v. Hefner, 67 Tex. 54, 2 S. W. 861; Mills v. Johnson, 3 Tex. Civ. App. 359, 22 S. W. 530.

[3] While appellee was testifying as a witness in his own behalf, he was asked, "What is the amount of your damages, if any, by reason of the· shortage in the notes and accounts?" To which the witness was, over the objections of appellant, permitted to answer, "I was damaged more than $700." We think the court should have sustained appellant's objections to the question and answer quoted. The answer not only gave an improper measure of damages, as we have seen, but also embodied a conclusion which was for the determination of the jury under all of the evidence.

[4] As before indicated, at the institution of the suit appellee sued out an attachment on the ground of appellant's nonresidence and caused the same to be levied upon certain real estate situated in Texas, and appellant moved to quash the attachment on the ground that the debt declared upon was not such as authorized the issuance of the writ. The court overruled the motion to quash and also entered judgment foreclosing the lien and ordering the sale of the property, to all of which appellant here assigns error. The defendant having fully answered, the question presented is probably of little practical importance and we will therefore not discuss it at length. The statute (article 186) authorizes the issuance of an attachment when an affidavit in writing is made stating "that the defendant is justly indebted to the plaintiff in the amount of the demand and that the defendant is not a resident of the state," etc. Such affidavit was made in this case, and we are of opinion that, while the debt declared upon by appellee is unliquidated in the sense that the amount must be ascertained by the jury, yet it is such as will sustain the attachment inasmuch as the fraud has been waived and the action now is in substance one for a breach of contract for which the law will imply a promise on appellant's part to pay the amount of the difference, if any, in the value of the property by him delivered to appellee and that received by him. See Stiff v. Fisher,· 2 Tex. Civ. App. 346, 21 S. W. 291; Hitson v. Hurt,

45 Tex. Civ. App. 360, 101 S. W. 292; Felker v. Douglass, 57 S. W. 323.

[5] The court was in error, however, in foreclosing the lien; the proper practice in cases of foreclosure of attachment liens in the county court being to briefly recite in the judgment the issuance and levy of the attachment which has the effect of preserving the lien, the benefit of which may afterwards be obtained by levy and sale under execution. See Sayles' Texas Civil Statutes, art. 214; Hamill v. Samuels, 135 S. W. 746.

For the errors indicated, it is ordered that the judgment be reversed and the cause remanded for another trial.