## LOVELESS v. JOHNSON. (No. 1731.)

(Court of Civil Appeals of Texas. El Paso. June 11, 1925.)

1. **Evidence** &#9758;443(2)—**Parol agreement may be enforced though not referred to in written contract, where constituting an inducement to making thereof.**

While parol evidence is not admissible, generally, to vary terms of a written contract, where an independent parol agreement has been made as an inducement to making of a written contract, parol agreement may be proved and enforced though not referred to in the latter.

2. **Evidence** &#9758;443(2)—**Parol evidence held admissible to show that item in inventory in written contract for exchange of property had been duplicated.**

Under written contract for exchange of drug store properties, with value based on an inventory of the business, parol evidence *held* admissible to show that defendant had duplicated an item in his inventory where plaintiff relied on inventory furnished by defendant, and negotiations for exchange had been conducted by deceased partner of plaintiff, and it appeared without question that duplication had been made.

3. **Fraud** &#9758;59(3)—**Measure of damages for inducing exchange of property stated.**

In action to recover damages for false representations inducing an exchange of property, true measure of damages is difference between value of property parted with by person defrauded and value of property received by him.

4. **Fraud** &#9758;49—**Plaintiff not entitled to recover for fraud in exchange of property, where not alleging or proving value of property.**

In suit for fraud in exchange of drug store properties, based on an inventory of the business, in that defendant had duplicated an item twice in his inventory, plaintiff *held* not entitled to recover, where he did not allege or prove value of property with which he parted.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by R. B. Johnson against L. E. Loveless. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Kirby, King & Overshiner, of Abilene, for appellee.

PELPHREY, C. J. This suit was filed in the district court of Taylor county, Texas, Forty-Second judicial district, growing out of a contract between the Loveless Drug Company, a partnership consisting of L. E. Loveless and W. C. Loveless, and appellee, R. B. Johnson, to exchange the drug store of appellee, located in Trent., Tex., together with two business lots in Trent, for the drug business of the Loveless Drug Company in Weatherford. W. C. Loveless having died this suit was instituted by appellee against the surviving partner, L. E. Loveless. Appellee alleged the contract of exchange, and further alleged that, as a part of the contract, appellant furnished appellee an inventory of the business of the Loveless Drug Company, as of January, 1922; that the inventory purported to be correct, and showed a total amount of merchandise on hand in the Weatherford store in January, 1922, of $5,692.94; that appellee relied upon the correctness of the said inventory; that the inventory was not correct in that certain diamonds of the invoice value of $1,095.65 were duplicated therein, and that he was damaged in the amount of $1,095.65.

Plaintiff further alleged that in case there was no legal fraud in the duplication in the inventory, that he was entitled to recover on the grounds of a mutual mistake of fact, alleging that both parties thought the inventory to be correct.

Appellant answered by general demurrer and general denial, and specially pleaded that the trade was made about March 3, 1922, and that the contract of exchange was in writing; that by the terms of the trade

each party turned over his property to the other as a whole; that each party examined the property of the other, and took it as it stood without any representations by either party as to quantity or quality. Appellant further pleaded that in case the written contract should be disregarded that appellee had certain duplications in his invoice to the extent of $500 for which appellant should have credit, and that appellee came into possession of merchandise belonging to appellant of the value of $300, and that appellant was entitled to an offset and counterclaim of $800.

Appellee answered with a general demurrer and general denial.

The case was tried by a jury, and submitted on special issues as follows:

"Question No. 1. The total invoice of the stock and fixtures in the plaintiff's store at Trent shows to be $10,749 as the same was delivered to the defendant by plaintiff. Was this a correct tabulation of the fixtures and wares and merchandise of plaintiff as shown by his books?"

To which question the jury answered, "Yes."

"Question No. 2. If not a correct tabulation, then what is the difference between the tabulation as submitted and the correct tabulation?"

This question was not answered by the jury.

Upon this verdict the court rendered judgment in favor of appellee, Johnson, against appellant, L. E. Loveless, in the sum of $1,095.65.

### Opinion

Appellant assigns as error the admission of the testimony of appellee and others as to the duplications in the invoice, claiming that the written contract entered into between the parties was clear and unambiguous, and that by its admission the court permitted appellee to vary and add to the terms of a written contract. The written contract is as follows:

"Trent, Texas, March 3, 1922.

"This contract, entered into by and between R. B. Johnson of Taylor county, Texas, party of the first part, and W. C. Loveless, for the Loveless Drug Company of Weatherford, Parker County, Texas, party of the second part:

"Party of the first part trades his store and fixtures and two business houses and lots located in Trent, Texas, clear of all indebtedness, to the parties of the second part for their drug store and fixtures in Weatherford, Texas. The party of the first part is to pay parties of the second part $2,500 cash, and assume $4,500 indebtedness to the wholesale people, M. & F. State Bank of Weatherford, Texas, and L. T. W. Reynolds. As forfeit should either party fail to carry out this contract, we attach hereto our check of $1,000.

"Witness our hands. R. B. Johnson, First Party. Loveless Drug Company, per W. C. Loveless, Second Party."

Appellee testified that prior to the time the trade was consummated that he and W. C. Loveless, now deceased, had some negotiations relative to the trade, and that each party furnished to the other January inventories, and that he relied, in making the trade, upon the inventory furnished him by W. C. Loveless, and that if he had known at that time that there was a duplication in the Loveless inventory, he would not have traded.

The testimony of appellant shows that W. C. Loveless conducted the negotiations for the Loveless Drug Company, and that appellant had never met appellee until after the written contract had been entered into; that there was a duplication in the invoice of the Loveless Drug Company there seems to be no question. Appellant himself admits that the diamonds were inadvertently invoiced twice.

[1] While parol evidence is not admissible, as a general rule, to vary the terms of a written contract, yet it is equally true that, where an independent parol agreement has been made as an inducement to the making of a written contract, the parol agreement may be proved and enforced, though not referred to in the latter. New York Life Ins. Co. v. Thomas, 47 Tex. Civ. App. 149, 104 S. W. 1074; Downey v. Hatter (Tex. Civ. App.) 48 S. W. 33; Martin v. Rotan Grocery Co. (Tex. Civ. App.) 66 S. W. 212.

[2] We think the evidence here brings this case within the above rule, and that the court was correct in admitting the testimony sought to be excluded.

In his second assignment of error, appellant contends that the verdict of the jury and the judgment thereon was contrary to the law and the evidence, in that there was no legal measure of damages alleged or proven by the plaintiff on which he would be entitled to recover by reason of alleged duplication in defendant's invoice.

[3] It seems to be well settled in this state that, in an action to recover damages for false representations inducing an exchange of property, the true measure of damages is the difference between the value of the property parted with by the person defrauded and the value of the property received by him. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Patterson v. McMinn (Tex. Civ. App.) 152 S. W. 223; Pickens v. Major et al. (Tex. Civ. App.) 139 S. W. 1040; Moore et ux. v. Beakley (Tex. Com. App.) 215 S. W. 957; Foster v. Atlir (Tex. Com. App.) 215 S. W. 955.

[4] In the present case we find no allegation or proof on the part of plaintiff as to the value of the property with which he parted, and it is our opinion that, under the state of the pleadings and proof, the preemptory instruction requested by defendant should have been given.

For the reason that the pleadings and evidence were insufficient upon which to base the judgment rendered, the case is hereby reversed and remanded.