### J. E. PRESTON v. C. R. BREEDLOVE.

1. Rulings in Central Railway Company v. George, 32 Texas, 568, and Van Alstyne v. Sorley, Id., 518, on the subject of contracts payable in coin, cited and approved.

2. When a case is brought to this court from a judgment erroneously rendered by the court below for coin instead of for dollars and cents, the appellee may have the error corrected and the judgment reformed in this court, by placing on record his consent to receive currency in discharge of the judgment ; but a mere assertion contained in his brief that he stands ready to receive currency will not suffice.

3. In defense to a suit brought by an indorsee upon certain promissory notes, the defendant pleaded that the notes were given for the purchase money of certain lots of land, and that, at the time of his purchase of the land, there was an outstanding vendor's lien on the same for three hundred and twenty-four dollars and thirty-four cents in favor of one N., and that it was understood between him and his vendor, the payee in the notes, that the incumbrance should be paid off by the payee before the maturity of the notes, which was not done, and in consequence of which he, the defendant, was compelled to pay off the lien to keep the land from being sold under execution ; that the notes were assigned to the plaintiff after maturity, and with notice on his part of their dishonor ; and therefore he asked to have the amount of the vendor's lien deducted from the plaintiff's demand. *Held,* that the answer set up a good defense *pro tanto,* and it was error for the court below to sustain a demurrer to the same.

4. Parol evidence is not admissible to control or vary a written contract, but is admissible to prove a verbal contract collateral to and contemporaneous with the written contract, though it refer to the same subject matter, and may affect the rights of the parties under the written contract.

ERROR from Grimes. Tried below before the Hon. James R. Burnett.

In the third head-note will be found, in a condensed form, the allegations contained in the amended answer of the defendant in the court below, to which the court below erroneously sustained the plaintiff's demurrer.

*Preston & Smith* and *Walton & Green* for plaintiff in error.

*Chandler, Carleton & Robertson* and *J. C. Hutcheson* for defendant in error.

WALKER, J. This case is brought to this court on writ of error, and the following causes are assigned :—

*First.* The court erred in rendering judgment for a certain number of dollars in specie, in violation of the legal tender act of the United States.

*Second.* The court erred in overruling defendant's motion for a new trial.

*Third.* The court erred in sustaining plaintiff's demurrer to defendant's amended answer.

Touching the first assignment of error, we may here remark that we have hitherto endeavored to follow the decisions of the Supreme Court of the United States, and in doing so our own decisions may not be entirely consistent with each other; but upon what is now held to be the doctrine of that court, we re-affirm the cases of the Central Railway Co. *v.* George, 32 Texas, 568, and Van Alstyne *v.* Sorley, Id., 518. This judgment was, then, erroneous.

The defendant in error assumes that this is no ground for an appeal, inasmuch as this court has held that the judgment might be discharged by payment in legal tender currency. Had he suggested, on the record, his willingness to receive currency in discharge of the judgment, we should have regarded the argument with favor, but a mere assertion contained in the brief, that the defendant in error stands ready to receive currency, is not binding and cannot be so regarded.

It is unnecessary to notice the second assignment.

The amended answers to which the demurrer was sustained, aver that the notes sued on were transferred after maturity, with notice of dishonor, and also with notice of the equitable defense against them. This averment was certainly good against the demurrer ; and if the facts be proven, the equity must be allowed.

There may be a question as to the propriety or legality of admitting oral evidence to prove an agreement or understand-

ing concerning the Noland lien. If the object and tendency of the evidence is to vary or control the original contract, it would not be admissible; but if the evidence tends to prove a verbal contract collateral to and contemporaneous with the written contract, though it refer to the same subject matter, and may affect the rights of the parties under the written contract, it may nevertheless be proven.

The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.