Lutie M. Nowlin et al. v. Henrietta Frichott et al.

No. 912.

**1. Parol Evidence to Vary Written Instrument.**

Where a written instrument accompanying a deposit in a bank does not undertake to state the terms of the contract under which the deposit was made, the entire contract, though verbal, may be alleged and proven.

**2. Cloud Upon Title—Withholding Purchase Money.**

Where a vendee of land has been forced to pay out money to satisfy an incumbrance thereon, he may recover back such money from the vendor, but he cannot hold the land and, on account of mere cloud on his title, recover back as damages a part of the purchase money paid, although it had been agreed that such part was not to have been paid until the cloud was removed.

**3. Same—Levy Upon Wife's Property Creates a Cloud, When.**

The levy of an execution against the husband upon lands not occupied as the homestead, the title to which stands in the name of the wife by a deed which does not recite that it is her separate property, creates a cloud on her title thereto, because of the presumption that the land is community property.

**4. Same—Deposit of Purchase Money—Adjustment of Equities as to Title —Jurisdiction of County Court.**

Where a vendee of land has deposited a part of the purchase money in bank, to be paid over when a cloud on the title has been removed, if, at the date of judgment in an action brought by the vendor for such deposit, the cloud no longer exists, plaintiff is entitled to recover the deposit; but if such cloud still exists, the money should remain in the bank until the equities between the parties are adjudicated; and the County Court has not jurisdiction to determine the real condition of the title and settle the equities arising thereon.

Appeal from County Court of Dallas. Tried below before Hon. T. F. Nash.

*Watts, Aldredge & Eckford,* for appellants.—The court erred in overruling appellants' special exception, which is as follows: Plaintiffs except to so much of said answer as attempts to set up a parol agreement between plaintiffs and said defendants, because said defendants attempt by said parol agreement contemporaneous with or prior to said written agreement to vary, contradict and add to the terms of said written agreement, without alleging that said written agreement was entered into by them through mistake, ignorance of its contents, or by fraud practiced upon them. Roundtree v. Gilroy, 57 Texas, 176; Belcher v. Mulhall, 57 Texas, 19; Self v. King, 28 Texas, 553.

*M. L. Dye,* for appellees.—Where written instruments form part of a more comprehensive transaction, the terms of which are not attempted to be expressed in writing, parol testimony as to such parts of the transaction as were not reduced to writing is admissible; or a parol agreement by which the purchase money notes were to be deposited with an attorney, and from the proceeds of such notes outstanding liens against the land deeded to the maker of the notes were to be taken up and discharged, may be shown in defense of an action upon such notes. Such an agreement is so far distinct from and collateral to that part of the contract reduced to writing as to allow of its establishment by parol evidence.

Thomas v. Hammond, 47 Texas, 43; Preston v. Breedlove, 36 Texas, 96; Younger v. Welch, 22 Texas, 417; 1 Gr. Ev. sec. 284a.

FINLEY, ASSOCIATE JUSTICE.—Appellants, Lutie M. Nowlin and her husband, A. W. Nowlin, who were plaintiffs below, instituted this suit in the County Court of Dallas County, Texas, on July 20, 1891, against the appellees, the American National Bank, Henrietta Frichott and Dorothea Nusbaumer, wherein they sought to recover of the American National Bank the sum of $500 deposited with it to the credit of Lutie M. Nowlin under the following written agreement:

"Dallas, Texas, November 4, 1885. We the undersigned, have this day deposited and do hereby deposit in the American National Bank in the city of Dallas, five hundred dollars to the credit of Mrs. Lutie M. Nowlin, to be paid to her or to W. L. Vaughan, her agent, or to any other duly authorized agent of hers whenever, and as soon as, the cloud upon the title of the Nowlin property is removed, said property being situated in the city of Dallas, Texas, at the corner of Ross Avenue and Lombard Street, the said cloud being caused by the levy of an execution issued out of the United States District Court at the city of Dallas on a judgment for one thousand dollars and costs, rendered in said court in favor of the United States and against John Pitts, A. W. Nowlin and Fred Cullin, said judgment rendered on 13th of June, 1884, and said execution levied on said property on 7th of July, 1884, said five hundred dollars being part of the $1700 cash payment.

"Henrietta Frichott, Dorothea Nusbaumer."

Appellants further alleged that said $500 was the balance of the purchase money for a certain lot of land situated in the city and county of Dallas, State of Texas, the separate property of Lutie M. Nowlin and homestead of appellants, conveyed by appellants to appellee Henrietta Frichott by deed dated November 4, 1885, and deposited as aforesaid with the American National Bank, and that the appellees, Henrietta Frichott and Dorothea Nusbaumer, would not consent or permit the American National Bank to pay same to appellants, and appellants prayed judgment against the American National Bank for $500, and against Frichott and Nusbaumer for costs of suit.

The American National Bank, on August 18, 1891, filed its answer setting forth said memorandum of deposit, and alleged that plaintiffs and its co-defendants could not agree that the conditions of said memorandum had been complied with, and that it did not know that the conditions had been complied with, and tendered said $500 into court, and prayed to be protected by the judgment of the court.

Appellees, Henrietta Frichott and Dorothea Nusbaumer, filed their second amended original answer on September 5, 1893, wherein, besides general denial, they set up statute of two years limitation, and denied that said property was the separate property of Lutie M. Nowlin or the homestead of appellants, and denied that the cloud had been removed and did not exist. They also alleged that there was no written agree-

ment whatever between plaintiffs and defendants concerning the subject matter of this suit. That there was a verbal agreement made between plaintiffs and defendants during the pendency of the negotiations between them for the sale of the property, to the effect that these defendants should hold from plaintiffs $1000 until the cloud occasioned by the levy was removed, and that thereafter they deposited the $500 sued for and gave a negotiable note due six months after date for $500, which note was transferred before maturity, and which they had to pay at maturity, and that it was agreed that $1000 was to become the property of the defendants in the event that plaintiffs failed to comply with the terms of said agreement. This answer was not sworn to.

To said answer of Frichott and Nusbaumer, on January 8, 1894, appellants filed their first supplemental petition, in which they excepted generally and specially: First, to so much of said answer as alleged there was no written agreement between plaintiffs and defendants. Second, to so much of said answer as attempted to set up a parol agreement contemporaneous with or prior to said written agreement to vary, contradict or add to the terms of the written agreement, without alleging that said written agreement was entered into by mistake, ignorance or fraud. Third, to the damages set forth as not growing out of the subject matter of this suit; and answered that the levy mentioned in said written memorandum deposited with the bank constituted no lien because it failed to describe the property, and that same became functus officio on the second Monday in January, 1885, and was never revived; and that appellants conveyed to Henrietta Frichott the property on the 4th day of November, 1885, and the deed was filed for record in Dallas County, Texas, on said date, and that the United States levied an execution on June 1, 1887, and sold all the interest that said A. W. Nowlin had on that day to said property, and that the same was bought in by the United States of America for $1000, which satisfied said judgment, and that the issuance of said second execution and a new levy thereunder was an abandonment of the levy of July 7, 1884; and that the defendant, Henrietta Frichott, on November 4, 1885, entered into possession and control and has been enjoying the uninterrupted and undisputed possession and use of said premises ever since, and is now in the possession and occupancy of same under a deed from plaintiffs to said defendant, of date November 4, 1885, and duly registered, and has been in the peaceable and adverse possession of said premises, claiming under said last named deed, and cultivating, using and enjoying the same and paying taxes thereon for more than five years, and that thereby said cloud upon the title had long since been removed and dissipated.

On January 9, 1894, the case came on for trial, the special exceptions of plaintiffs' supplemental petition were overruled and the cause tried with a jury, the jury rendering a verdict for Henrietta Frichott against the American National Bank for $500, and in favor of Henrietta Frichott against plaintiffs for $500, and for defendants Frichott and Nusbaumer

for costs of suit, and judgment was rendered accordingly, from which judgment this appeal is prosecuted.

*Opinion.*—The first and second assignments of error challenge the correctness of the action of the court in overruling plaintiff's first and second special exceptions to the answer of defendants Frichott and Nusbaumer. These exceptions were directed at the portion of the answer which set forth the facts under which the $500 was deposited in the bank to the credit of Lutie M. Nowlin. It is urged that the written document sued on, and which accompanied the deposit, sets forth the contract of the parties, and that its terms can not be varied by any antecedent or cotemporaneous verbal agreement. It is clear that the insrtument in writing does not undertake to state the terms of the contract under which this deposit was made. It merely sets forth the conditions upon which the bank is authorized to pay it over to Mrs. Nowlin, or her representative. This deposit and written instrument were mere incidents of the contract, and no rule of law was violated in allowing the entire contract, though verbal, to be alleged. Thomas v. Hammond, 47 Texas, 43; Preston v. Breedlove, 36 Texas, 96; Younger v. Welch, 22 Texas, 417; 1 Greenl. Ev., sec. 284a.

The third assignment of error complains of the overruling of plaintiffs' third exception directed at that portion of said answer which seeks to recover over against the plaintiffs damages on account of the 500 purchase money note which said defendants had paid. Defendants, in effect, alleged that they purchased from plaintiffs a lot in the city of Dallas, that they paid therefor $1200 in cash, gave their note due in six months for $500, and deposited the remaining $500 in the bank for plaintiff. That it was agreed that the $500 note and the $500 deposit were not to be paid to plaintiffs until they caused to be removed a cloud cast upon the title to the lot by the levy of an execution issued upon a judgment in the federal court. It is further alleged that such cloud upon the title has not been removed; that they had been forced to pay the $500 note by its negotiation to an innocent purchaser for value before maturity; and further, that the $500 deposit had remained in the bank more than a reasonable length of time for the plaintiffs to comply with the contract and conditions of the deposit, etc. They prayed for a recovery of the $500 deposit, and for damages on account of the payment of the note.

There was no allegation of eviction from the land, nor alleged danger of such eviction from the land. Nor was it alleged that they had been forced to pay off any incumbrance upon the land. A vendee can not recover back purchase money paid upon land because there is a cloud upon the title. If he had been forced to pay out money to satisfy an incumbrance, he might recover it back from his vendor. But he can not hold on to the land and recover damages of his vendor on account of mere cloud on his title. Haraldson v. Langford, 66 Texas, 111. The exception should have been sustained.

Appellants' fourth assignment of error is based on the refusal of the

following special charge: "If the jury believed from the evidence that the property mentioned in plaintiffs' original petition was the separate property of Lutie M. Nowlin, or the homestead of Lutie M. Nowlin and A. W. Nowlin at the time of the levy of said execution on July 7, 1884, then you are charged that no execution against A. W. Nowlin could cloud or impair the title to said property, and a purchaser for value from Lutie M. Nowlin and A. W. Nowlin would take title to said property free from any lien on said property by reason of said levy."

Appellants' right to recover the $500 deposit sued for depended entirely upon whether they had complied with the conditions of the deposit. There was no issue in the case as to whether the legal title actually passed by plaintiffs' deed to defendant Frichott. The issue, so far as plaintiffs' right to recover is concerned, was, had the cloud upon the title been removed? If such cloud had been removed, plaintiffs were entitled to have the deposit paid over to them on demand, or, upon refusal to pay it, they would be entitled to recover it in a suit therefor. At the time the first execution was levied on the property, the record title showed that the land had been conveyed to Mrs. Nowlin, and the deed not reciting that it was her separate property, the legal presumption existed that it was the community property of herself and husband. They were not at that time in actual occupancy of the place as their homestead, and the levy under such circumstances would create a cloud upon the title. The special charge was properly refused.

As the case must be remanded for another trial, it is proper for us here to say, if the lien arising out of the levy made in July, 1884, was not enforced under the execution, or in some way preserved, and no lien attached to the land under the judgment, then appellants would be entitled to recover the $500 deposit. In speaking of such lien attaching, we do not refer to its ultimate validity as affected by the alleged facts that the property was the separate property of the wife, or the homestead of the family. If the proceeding under the judgment was so conducted that a valid lien would have attached and continued in force upon the property, but for the alleged features of the wife's separate estate and homestead, then it would constitute a cloud upon the title within the meaning of the written conditions of the deposit, and plaintiffs could not recover. The record leaves us in doubt upon questions of fact touching the proceedings under the Federal Court judgment. It does not appear whether or not the judgment was a lien upon the land, and the facts relating to the execution lien are not as full and clear as they should be made.

Without pursuing the assignments of error, we will notice another issue, namely, the right of the defendants to recover the $500 deposit. This $500 stands for purchase money of the land; it has been placed in the bank for the vendors, to be paid to them when the cloud is removed from the title. While the defendants hold on to the land and insist upon the purchase, make no allegation of failure of title, nor of any expenditure of money forced upon them by means of the alleged cloud upon the title, they have no right to this money. They have no right

to the continued enjoyment of the benefits of the property, and the use of the purchase money at the same time. The judgment in their favor for this money is erroneous. There may be equities between the parties arising upon the actual condition of the title, which could be readily adjusted in an appropriate proceeding instituted in a court of competent jurisdiction. The question as to whether the real title to the land has vested in the defendant Frichott by virtue of the conveyance by plaintiffs is not involved in this litigation, and, therefore, the equities growing out of the real state of the title can not be settled in this suit. In this suit the issue to be determined is, whether the cloud upon the title, arising under the judgment in the Federal Court, has ceased to exist. If there is no such cloud upon the title now, then the plaintiffs are entitled to recover the $500 deposit. If there does exist such a cloud, then the money should remain in the hands of the trustee, the bank, until the equities between the parties are adjudicated in a proper proceeding.

The County Court has not jurisdiction to determine the real condition of the title and settle the equities arising thereon. It may determine whether the facts exist at the trial which were agreed and treated by the parties as a cloud upon the title, but it can not go into and settle questions of title and rights arising thereunder.

*Reversed and remanded.*

Delivered October 19, 1895.