## E. R. BLAIR v. W. B. SLOSSON.

Decided December 19, 1901.

**1.—Real Estate Broker—Commissions—Exchange of Lands.**

Where defendant, wishing to exchange his lands, which were in three several tracts, for Texas land, agreed that if plaintiff brought about a trade he would accept, he would pay for the services, and that he could trade a part or all of his lands, and plaintiff found an owner of Texas lands willing to exchange, and brought the parties together and an exchange was consummated, plaintiff was entitled to his commissions, despite the facts that after the parties were brought together it developed that a lien existed on the Texas lands by reason of which one of defendant's tracts was not included in the exchange as finally made.

**2.—Same—Quantum Meruit—Additional Agreement.**

An agreement by plaintiff to accept $500 for his services in effecting the exchange did not preclude him from recovering more on a quantum meruit where, as an inducement for such agreement, defendant promised to pay a further reasonable compensation if he found the Texas land satisfactory, and he did so find it.

**3.—Same—Parol Evidence.**

Defendant's promise by verbal representation to pay more than $500 if the lands proved satisfactory was an independent agreement, and could be proved by parol, although plaintiff's agreement to accept $500 was in writing and such promise was an inducement thereto.

ppeal from Harris. Tried below before Hon. C. E. Ashe.

*H. & A. R. Masterson,* for appellant.

*Watkins & Jones,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellee against the appellant for the recovery of $1600 upon quantum meruit as an agent's commissions for the exchange of property owned by the appellant in the States of Kansas and Missouri for land situated in Brazoria County, Texas, then owned by one D. W. Wood. The appellant was a nonresident, and an attachment was sued out and levied on the Texas land for which the exchange had been made. The defenses pleaded were (1) that the original contract for the exchange of said property had never been carried out; (2) that appellee had acted in a dual capacity between the appellant and Wood, attempting to serve both parties to the contract, which fact was unknown to the appellant, and had forfeited all right to commissions from appellant; and (3) that before the modification of the original contract the appellee had agreed to accept for his commissions a stipulated fee of $500. The case was tried by jury and resulted in a judgment in favor of the appellee for $1600.

The evidence was conflicting upon the issues made by the pleading, but resolving the conflict in support of the verdict of the jury, the facts necessary to a decision of the case may be briefly stated as follows: The appellant employed the appellee to secure an exchange of certain real

estate owned by him situated in the States of Kansas and Missouri for southern Texas land, and in a letter addressed to the appellee said: "If you can furnish me a trade that I will accept, you can rely upon pay for your services. * * * I would trade a portion or all." Appellee accepted the employment and undertook to procure for the appellant the exchange of property as desired, and after an offer of a proposition of land owned by one Hahl had been declined by the appellant, the appellee at last secured a proposition from one D. W. Wood of 6400 acres of land situated in Brazoria County, through the said Hahl, who was acting as agent for Wood, which the appellant was willing to accept. Appellant's property consisted of two parcels in Missouri and one in Kansas. When the exchange had been agreed on, Hahl, as the agent of Wood, went to meet the appellant in Sedalia, Mo., to close the exchange. It developed that there was a lien on Wood's property amounting to $3000, but this was finally arranged by the appellant's withholding one parcel of the property, known as the Atchison property, he proposed to convey to Wood, and giving him ninety days in which to pay off the lien, when it would also be conveyed. Wood never discharged the lien, and the Atchison property was not conveyed. In finally closing the deal the appellee agreed by letter to accept $500 as his commissions, if the appellant would send him a check for it when the deal was closed, and upon his agreement to pay more if the property showed up all right. When Blair saw the Texas land he was very much elated with the deal, and stated that the land was 50 per cent better than he expected to find it. He failed to send the check for $500 as he had promised, and has never paid any part of the commissions. It was shown that $1600 was a reasonable compensation for the services in furnishing the trade.

Appellee's employment was to find a person who would exchange southern Texas land for all or a portion of the appellant's three parcels of property. He got a proposition from D. W. Wood to exchange 6400 acres of land owned by him in Brazoria County for the three parcels, and a written contract was entered into for the exchange. So appellee got the owners together upon the proposition, but in closing the deal it developed that there was an incumbrance of $3000 on Wood's property which he could not discharge. The parties, however, finally concluded an exchange of the Texas land with the incumbrance for two parcels of the appellant's property. The exchange of two parcels, a portion, of the appellant's land was thus effected through the agency of the appellee upon terms satisfactory to the appellant. The appellee brought the parties together and thus earned his commissions. Graves v. Bains, 78 Texas, 92; Harrell v. Zimpleman, 66 Texas, 292; Conkling v. Krakauer, 70 Texas, 735. The charge complained of under the first assignment of error was a correct submission of the case upon the issue of quantum meruit, and the evidence was sufficient to authorize the submission. There was evidence tending to prove that as an inducement for the appellee to agree to accept $500 for his commissions, the appellant prom-

ised that he would pay a further reasonable commission if he found the land satisfactory, and that he found it so. It was proper to submit such an issue to the jury. In the first place the agreement to accept the $500 was not entirely in writing as evidenced by the letters of the parties, but consisted also of the verbal representations made that appellant would pay more if the land showed up all right. In the second place the agreement to pay more was an independent agreement, and although an inducement to the one that was entered into, it could be established by parol evidence. Downey v. Hatter, 48 S. W. Rep., 32. The charge which is said to conflict with this is one which correctly submits the issue of whether or not the appellee agreed to accept $500 for his commissions, and to find for the appellant if he did so agree. As we have said, the finding of the jury upon the question of double agency is supported by the evidence, and as it was correctly submitted to the jury in the charge of the court, the third assignment of error must be overruled.

No error having been shown, the judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.