**PIERCE v. POIS et al. (No. 3205.)**

Court of Civil Appeals of Texas. Amarillo.
March 27, 1929.

Rehearing Denied April 17, 1929.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellant.

Carrigan, Britain, Morgan & King, of Wichita Falls, for appellees.

HALL, C. J. The appellant, Pierce, a real estate broker, filed this suit against Pois and Ben F. Schultz, to recover commissions in the sum of $500 alleged to be due him for effecting an exchange of real estate with A. W. Thurman of Ochiltree county.

The plaintiff alleged: That the defendants agreed to pay him 2½ per cent. commissions to negotiate an exchange, and that he brought defendants and Thurman together, who entered into a written contract on November 15, 1922, whereby the defendants agreed to exchange certain lots and property

owned by them for certain real estate owned by Thurman in Ochiltree county. That the parties did exchange part of the property owned by each, but when they met on the 23d day of January, 1923, to consummate the deal, it was found that the title to a portion of Thurman's property was not merchantable, and on that date they entered into a supplemental contract, by which Thurman agreed to remove the incumbrance and secure proper release of the indebtedness and the vendor's lien against his Ochiltree county property within three years from that date and to pay taxes in the sum of $310.15 then delinquent against the property, for the recovery of which suit was pending. That upon presentation of said releases on or before three years from that date, the defendants would convey to the said Thurman the lot in Wichita Falls which had been retained by the defendants pending the perfection by Thurman of the title to his lands. In said agreement, Thurman bound himself to pay the principal and all interest on the indebtedness existing against the Wichita Falls property after January 1, 1923. The contract contains other stipulations which have no bearing upon the issues presented here.

The appellees set out the foregoing facts, and alleged: That Thurman failed and refused to pay the principal and interest on the Wichita Falls property of appellees, and that it became necessary, in order to save the property from sale, for appellees to pay off said indebtedness. That they had paid the appellant $1,712.50, which was in full of the amount due him for the services rendered, and that the sum of $500 claimed as the remainder of the commissions due him was contingent and dependent upon the supplemental agreement being carried out, which was never done because of Thurman's breach thereof; for which reason plaintiff was not entitled to recover the $500. It is alleged that when the supplemental contract of January 23, 1923, was entered into, the plaintiff, Pierce, was personally present and had actual knowledge of the making of said contract.

The case was tried to the court without a jury and resulted in a judgment that the appellant, Pierce, take nothing.

The record shows that the defendants, appellees herein, listed their property at Wichita Falls with appellant, Pierce, for exchange, agreeing to pay him 2½ per cent. commission; that through the efforts of Pierce, a contract was entered into by the defendants with A. W. Thurman of Ochiltree county for the exchange of certain properties owned by the latter for defendants' property in Wichita Falls. It further appears that the real estate owned by each of the parties was heavily incumbered. Within a week after the supplemental contract was executed, the defendants sent Pierce a check, accompanied by a letter as follows: "Attached find check for $1712.50 for commission on land deal with Mr. Thurman. Balance due you $500.00 when title is perfected on quarter section in litigation now, as per contract."

The quarter section referred to was a portion of the property owned by Thurman in Ochiltree county. It further appears that before the expiration of three years from January 23, 1923, Thurman conveyed the Ochiltree county land to his wife, who, he claimed, refused to join him in the conveyance to the appellees. Thurman also failed to pay the interest on the loan secured by a lien on the Wichita Falls property. The appellees paid the loan on the Wichita Falls property and within less than three years made a new contract with Thurman in which Pois bought the Ochiltree county property, paying $3,580 cash therefor. It further appears that the Wichita property was sold for $3,600 net, over and above the incumbrance against it.

The trial judge filed findings of fact and conclusions of law, which are attacked in the propositions urged by the appellant.

█ It is not controverted that the appellees entered into a binding contract in writing with Thurman for the exchange of properties. It is clear that at this point in the transaction, the appellant was entitled to recover the entire commission due him under the original listing price. Francis v. Foster, 113 Tex. 521, 260 S. W. 1023; Keener v. Cleveland (Tex. Com. App.) 250 S. W. 151; E. R. & D. C. Kolp v. Brazer (Tex. Civ. App.) 161 S. W. 899.

The court's conclusion of law that when Thurman signed the supplemental agreement concerning the property in question, he was not a purchaser ready, able, and willing to buy and pay for the defendants' property, is incorrect as applied to the facts of this case, because the parties had entered into and partially executed the contract of exchange and no bad faith on the part of Pierce was shown. As stated by the Commission of Appeals in the Francis Case, supra: "'If the principal and the customer found by the broker enter into a valid contract, and the broker acts in good faith, the broker is not deprived of his right to a commission by the fact that the customer fails or is unable to carry out the contract, such as a contract of purchase or a contract of exchange.' (9 C. J., 631). This text is upheld by many decisions from various states cited in the notes to the text."

█ Nor would the fact that Thurman and Pois subsequently modified the original contract defeat Pierce's right to the commission without his consent. As stated in 9 C. J. 605, § 91: "The right to a commission is not affected by the fact that the principal and customer, after concluding a contract, subsequently enter into an agreement modifying its terms (citing Blair v. Slosson, 27 Tex. Civ. App. 403, 66 S. W. 112); nor can a broker be deprived of his commission by any agreement of cancellation or release made by the prin-

cipal and the customer unless the agreement is entered into at the broker's request or with his consent." Shinn v. Boyd, 34 Tex. Civ. App. 151, 77 S. W. 1027.

Unless Pierce had acquiesced in the modification of the original contract, as evidenced by the supplemental contract of January 23, 1923, he would not have been required to wait for the balance of $500 due him until the title to the quarter section of land had been perfected, and the fact that he had accepted from Pois the check for $1,712.50 was in no sense a payment or an accord and satisfaction of the amount due him. Johnson v. Hoover & Lyons (Tex. Civ. App.) 165 S. W. 900. According to Pierce's testimony, he thought the letter of Pois which inclosed the check for $1,712.50 was a duebill for the amount payable when the title to the 160 acres had been perfected by the suit then pending, and from his testimony it is clear that he was laboring under a mistake of law as to his rights. He testified that he was present when the supplemental contract was entered into, and: "I understood that if that contract could not be complied with that I would not get the $500.00 commission, but I knew that the contract would be complied with.' * * * When they offered me the check for $1,712.50, I took it, although it was not-exactly agreeable to me. I did not want to be chinchery about it. They gave me a due bill for $500.00, which says the balance would be due when title was perfected on the one-quarter section now in litigation, as per contract. I was waiting on the straightening of the title. I accepted the $1,700.00 check on that. I thought Thurman would straighten up the title to the 160 acres of land. At the time he gave me that letter, I accepted it and used the check."

He further testified that Thurman did straighten up the title to the 160 acres and conveyed it to the defendants Pois and Schultz, but that the title had not been perfected prior to the contract of January 23, 1923.

On December 17, 1925, Pois wrote Pierce, in part, as follows: "Ben and I do not owe any commission whereas we did not ever get to trade our property here for said land. Surely you remember we advised you the last time we saw you here that Mr. Thurman claimed that the land belonged to Mrs. Thurman and she won't consider trading it for city property. * * * We were to pay you commission for trading house here but trade was never made. As far as title goes, I really believe they could have fixed that up two years ago, but I imagine they just decided not to trade. In fact, you was of same opinion when found out land was in Mrs. Thurman's name."

■ So it appears that both Pierce and Pois were laboring under a mistake of law when Pois sent Pierce the check on January 30, 1923, for part of the commission and wrote him that the balance of $500 was due when the title to the 160 acres was perfected. The appellees did not attempt to plead or prove waiver and estoppel or any consideration moving to Pierce for not demanding the immediate payment of the full amount of the commission due him. It was necessary for them to show a consideration or that he was estopped by some act of his to claim the $500. 40 Cyc. 263: Western National Bank of Hereford v. Walker (Tex. Civ. App.) 206 S. W. 545; Hutchings v. Binford (Tex. Civ. App.) 206 S. W. 557; Payne v. Beaumont (Tex. Civ. App.) 245 S. W. 94; Miller v. Deahl (Tex. Civ. App.) 239 S. W. 679. Even if it could be successfully contended that Pierce accepted the $1,712.50 check upon condition mentioned by Pois in his letter accompanying the check, he would not be bound thereby without the elements of estoppel or the payment of a consideration, because it is clear that the check was sent and accepted and that Pierce refrained from insisting upon immediate payment of the balance due him under mutual mistake of law. Ferguson v. Mounts (Tex. Civ. App.) 281 S. W. 616. Contracts made in mutual error, under circumstances material to their character and consequence, are invalid, and equity will grant relief from a mistake of law as analogous to a mistake of fact where a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, estates, duties, liabilities and who enters into some transaction the legal scope and operation of which he does not fully understand. Harrell v. De Normandie, 26 Tex. 120; Altgelt v. Gerbic (Tex. Civ. App.) 149 S. W. 233. And this rule applies even where the mistake is not mutual. 2 Pom. Eq. Jur. (4th Ed.) § 849; 13 C. J. 379, § 268. See other authorities cited in Ferguson v. Mounts, supra.

■ The appellant contends that he should recover because Pois by purchasing the 160 acres within the three years' time allotted in the supplemental contract for perfecting the title rendered it impossible for either party to perform the contract. We think this contention is sound. Pois purchased outright the 160 acres of land from Thurman long before the expiration of the three years. This was in effect a mutual rescission of the supplemental contract under which Thurman should have three years to perfect his title at which time the exchange should be completed. The inevitable result of this transaction was to make the performance of the supplemental contract according to its terms impossible. Pois made no effort to enforce the contract with Thurman but secured the land upon terms other than originally agreed upon and presumably by a compromise and a new agreement. Under such circumstances, we think Pierce should recover. He had brought the parties together and a binding written contract had been executed and partially con-

summated. The fact that a deal was closed, by which Pois acquired the remainder of the land upon different terms than as originally agreed, in no degree affects Pierce's rights. Blair v. Slosson, 27 Tex. Civ. App. 403, 66 S. W. 112; Webb v. Harding (Tex. Civ. App.) 159 S. W. 1029; Ford v. Cole (Tex. Civ. App.) 195 S. W. 661; Hodde v. Malone Real Estate Co. (Tex. Civ. App.) 196 S. W. 347; Kirkland & Son v. Berry (Tex. Civ. App.) 136 S. W. 832; Carruth, Averitt & Carruth v. Neutzler (Tex. Com. App.) 295 S. W. 187; Walker's Real Estate Agency (2d Ed.) §§ 14, 19, 150, 174, 175, 191, 192. When Thurman cleared the title, the $500 was due.

For the reasons stated, the judgment is reversed and the cause remanded.