## BURT v. BENSON.

No. 3398.

Court of Civil Appeals of Texas. Amarillo.

Sept. 10, 1930.

Rehearing Denied Oct. 22, 1930.

Lockhart, Garrard & Brown, of Lubbock, for plaintiff in error.

Vickers & Campbell, of Lubbock, and W. D. Benson, of Hobbs, N. M., for defendant in error.

RANDOLPH, J.

This suit was instituted by W. D. Benson, as plaintiff, against H. C. Burt, as defendant, upon certain contractual obligations assigned to him by M. G. Abernathy. On trial before a jury, the court instructed the jury to return a verdict for the plaintiff Benson, and, upon such verdict being returned, the court thereupon rendered judgment for the plaintiff. From such judgment appeal has been taken to this court.

E. A. Burke, a citizen of the United States of America, but a resident of Honduras, owning certain property in Honduras, employed M. G. Abernathy to find a purchaser therefor. Abernathy, as his agent, claims to have found such purchaser in the person of H. C. Burt, in accordance with the terms of his employment, and received from Burke and Burt the obligations herein sued on. These obligations were transferred by Abernathy to Benson, the plaintiff herein, and as such owner Benson has filed this suit. No question is raised as to the ownership by Benson of the obligations so transferred to him.

The original commission agreed upon between Burke, the owner, and Abernathy, the agent, was 25 per cent. of the sales price, but before the sale was agreed on between the parties Burke and Burt, they and Abernathy agreed first on the sum of $1,000,000 as the purchase price of the property, and, second, upon the sum of $100,000 to Abernathy as commission, the commission being evidenced by the instruments now quoted below, which were prepared and signed upon the liability stated as against H. C. Burt, but when paid by Burt such payment was to be credited by Burke upon the consideration agreed to be paid for the property.

The two obligations agreed on and signed by the parties therein named are quoted as they appear in position in the statement of facts and are thus numbered by us.

No 1:

"Tegucigalpa, Honduras, September 11, 1926.

"Mr. M. G. Abernathy, City.

"Dear Mr. Abernathy: In connection with the sale of certain mining property by me to

H. C. Burt, I agree to pay you, out of the amount received by me the sum of Fifty Thousand Dollars, Beginning March the 1st, 1928, H. C. Burt is to pay direct to you one-fourth of the amount of five thousand dollars that he is obligated to pay me each thirty days, and I am instructing H. C. Burt to remit to you Twelve Hundred and Fifty Dollars on the first of each month until the total amount of Fifty Thousand Dollars is paid, together with interest at six per cent. per annum from March 1st, 1928, on all unpaid amounts, until fully paid, payable at the Citizens National Bank, Lubbock, Texas. '

"E. A. Burke.

"I agree to remit the above monthly payment of Twelve Hundred and Fifty Dollars to M. G. Abernathy at the Citizens National Bank, Lubbock, Texas, contingent on completion of the sale and purchase of said property.

"H. C. Burt.

Indorsement: "10–15–1926. Pay to the Order of W. D. Benson, M. G. Abernathy."

No. 2:

"Tegucigalpa, Honduras, September 11, 1926. .

"Mr. M. G. Abernathy, City.

"Dear Mr. Abernathy: In connection with purchase by me of certain mining property from Major E. A. Burke, I agree to pay you the sum of Fifty Thousand Dollars, at the Citizens National Bank, Lubbock, Texas. This amount to be due and payable at the rate of Ten Thousand Dollars per month beginning March 1st, 1928, being a part of your commission on the sale of said property by Major Burke to me and a part of the consideration paid by me for such property. The payment of the above amount is contingent on completion of the sale and purchase of said property.

"H. C. Burt.

"The above arrangement is satisfactory to me.

"E. A. Burke.

Indorsement: "10–15–1926. Pay to the Order of W. D. Benson. M. G. Abernathy."

The original contract of sale between Burke, the owner, and Burt, the purchaser, contained no limitation upon the time of the payment of commissions to Abernathy, but did contain this provision, which will be considered in connection with the commission contracts: "H. It is clearly and definitely understood and agreed that the sale and purchase of the aforesaid properties will not be considered as consummated until the final payment of the total amount of $750,000.00 U. S. Currency, but H. C. Burt may pay the entire balance due to E. A. Burke any time after the next session of Congress by depositing road bonds of Honduras at par or in cash in U. S. Currency in the Guaranty Trust Company of New York City or Whitney Central National

Bank of New Orleans at the order of E. A. Burke as he may direct."

While the trial court charged the jury peremptorily to return a verdict for the plaintiff, this charge of the court in so doing is not presented to us by any assignment of error, except as it is presented in those assignments which charged error of the court in rendering judgment in favor of the plaintiff. While there are a number of assignments of error, they present only one question. This question in substance is that the payment of the commission to Abernathy as agent was not to occur until the sale had been consummated, and, the evidence showing such agreement to pay commissions was only to be made when the sale was consummated, the trial court's judgment was not authorized by the evidence and the law.

As stated, the original contract of sale contained no limitation upon the terms or time of payment of the contracts for the commission which were to be paid to Abernathy. By the subsequent contract amending the original contract of sale, executed without the knowledge or consent of Abernathy, Burt and Burke could not defer the payment of the commission as provided in the written contracts therefor. Burke and Burt, by a subsequent contract, again in one of its terms agreed that the contract should not be consummated or considered consummated until the final payment of the total amount of $750,-000 in United States currency.

The provisions contained in the contract of sale originally quoted above are not binding upon Abernathy in the face of the expressed provision for the payment of the commissions at stipulated times, the evidence showing that the payment of the commissions at such time was induced by the decrease in the amount of same from 25 per cent. to 10 per cent. and it does not appear from all the evidence that it was intended by Abernathy or Burke or Burt that the payment of such commission should not become due until the payment of the consideration in full; the delivery of the muniments of title to the property in Honduras, and the full and complete ownership by Burt of such property was to control the payment of the commission.

The contracts for the payment of the commission fixed a specific time for the payment. The provision in the contract of sale dated January 31, 1927, quoted above, did not set aside or control the time in which the same should be paid. What was the use of the contracts for the payment of the commission fixing dates for the payment of same if they were to be set aside by that provision of the contract of sale which defined the consummation and completion of the sale contract? It appears to us, therefore, that the clause above quoted taken from the contract of sale was

operative only as between the seller and purchaser, and not intended otherwise.

■ Where a contract for commissions was breached, it is no defense that the trade had not been finally concluded by delivery of the muniments of title and the payment of the consideration. If the agent has secured an enforceable contract which entitled the parties or either of them to have compelled the other to specifically perform it, the agent is entitled to his compensation. Carruth, Averitt & Carruth v. Neutzler (Tex. Com. App.) 295 S. W. 187.

The Commission of Appeals, in the case of West Realty & Inv. Co. v. Hite, 283 S. W. 481, 482, discussing the agent's right to his commission where the owner fails or refuses to consummate the trade, says: "The principles of law applicable to the questions involved are not difficult of statement, but there is at times great difficulty in applying principles to the facts of a given case, and this is one of them. Generally, it will be conceded that, when a broker employed to sell property has found a purchaser who is ready, able, and willing to buy at the price and upon the terms specified in the broker's contract of employment, he has earned his commission, even though through some fault or inability of the owner the deal is never actually consummated. The rule extends even to those cases where the commission is to be payable only upon the consummation of the sale, if such consummation is prevented through the fault of the owner. The law will not permit the owner to deny to the broker his right to recover a commission where the broker himself has fully complied as far as possible, and where his only dereliction is produced entirely through the fault of the owner himself. So that in this case, conceding that Blake's employment contemplated that his commissions were to be paid upon a consummation of this sale, nevertheless the undisputed facts showing that the purchaser, Sterling, was ready, able, and willing to buy upon the terms offered, and that the deal failed only through the unwillingness of defendants in error to close, it must be held that the owner is liable for a payment of the commissions as though the deal had been actually consummated."

When the parties signed a contract of sale which is legally enforceable according to the terms of agency, they became liable for the compensation due the agent, notwithstanding the parties subsequently entered into a different contract which was done without the knowledge of Abernathy, and notwithstanding the provision in the original contract quoted above. Pierce v. Pois (Tex. Civ. App.) 15 S.W.(2d) 1072; Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847.

We therefore affirm the judgment of the trial court.