### GEYSER ICE CO. v. SHARP.
### No. 1629.

Court of Civil Appeals of Texas. Waco.
Nov. 7, 1935.

884

Sanford & Sanford, of Waco, for plaintiff in error.

Stansell Bryan, of Waco, for defendant in error.

## GALLAGHER, Chief Justice.

This suit was instituted by defendant in error, W. L. Sharp, against plaintiff in error, Geyser Ice Company, to recover damages sustained as the result of an alleged breach of a contract of employment. The parties will be designated as in the trial court. Plaintiff alleged, in substance, that on January 1, 1932, he began work for defendant under a written contract; that his duty was to deliver ice to customers in the city of Waco; that he was to receive certain commissions on the sales made by him as compensation for his services; and that such contract was to continue until the 1st day of January, 1933. Plaintiff further alleged that during the month of February of said year defendant had an opportunity to take over the business of a rival ice plant; that defendant, acting by its agent and manager, represented to him that it could not do so unless the plaintiff and all others similarly employed by it would turn in their written contracts providing for compensation on a commission basis and would agree to work for it on a salary basis; that on or about February 23d of said year defendant, acting by its manager as aforesaid, in consideration of plaintiff's agreement to cancel his written contract of employment as aforesaid, agreed to employ him at a salary of $3 per day for seven days in the week, and further agreed that such employment should continue for the remainder of said year, and that the plaintiff agreed to work for defendant for such wages for such time. Plaintiff further alleged that on or about said date he began to discharge the duties of such employment and continued to discharge the same until September 4th of said year, on which date he was wrongfully discharged by defendant; that but for such discharge he would have continued to perform the duties of such employment for the remainder of said year and would thereby have earned the sum of $351 during such time; that he sought to secure other employment, but was unable to do so except occasionally; and that he received for such employment as he did secure only the sum of $38.10. Wherefore he alleged he had been damaged by defendant's breach of his said contract of employment in the sum of $312, for which sum he sued. Defendant answered said allegations only by a general denial.

The case was submitted on special issues, in response to which the jury found, in substance: (1) That defendant and plaintiff, on or about February 23, 1932, agreed that plaintiff should work for defendant from said date until January 1, 1933, at a salary of $3 per day, including Sundays; (2) that defendant was discharged without just cause; (3) that plaintiff, from September 4, 1932, until January 1, 1933, was ready, willing, and able to perform his part of such agreement; (4) that plaintiff exercised reasonable diligence to secure other employment; (5) that he earned during said time from such employment as he could secure the sum of $38.10. The court rendered judgment on such findings in favor of plaintiff against defendant for the sum of $310. Defendant thereafter sued out a writ of error to this court.

## Opinion.

Defendant, by appropriate assignments, contends that the evidence is insufficient to support the finding of the jury "that defendant and plaintiff, on or about February 23, 1932, agreed that plaintiff should work for defendant from said date until January 1, 1933, at a salary of $3.00 per day, including Sundays." The testimony disclosed that defendant's manager, in the latter part of the year 1931, went to Houston in search of men experienced in the delivery of ice to customers who would be willing to come to Waco and enter its employ; that plaintiff had had the required experience and accepted such employment; that he thereupon moved his family to Waco; that an elaborate written contract of employment for the whole of the year 1932 was entered into between him and defendant, by the terms of which he could be discharged only for cause; that he performed the duties imposed by such contract until defendant approached him, and all others holding similar contracts, and asked them to surrender the same and accept employment on a daily wage or salary basis. There was testimony that defendant's manager asked one of its employees to use his influence to induce plaintiff to agree to substitute the proposed new

contract for the one he then held and to assure plaintiff that he could rely on the promises of said manager. Plaintiff testified in this connection that January and February were poor months for the sale of ice compared to succeeding months; that when defendant's manager approached him with reference to the surrender of his old contract he promised to pay a sufficient amount in cash to make his compensation from the inception of his employment to that date amount to an average of $3 per day; that he (plaintiff) called attention to the fact that his said contract was to continue for the remainder of the year and asked assurance that he would be permitted to work for the period stipulated therein; that defendant's manager replied that his word was as good as his bond; that he then told said manager that if he would pay the amount necessary to make his compensation average $3 per day for the time he had already worked, as proposed, and would assure him that his employment would continue for the time specified in his said contract, he would turn in his contract and continue to work under such verbal agreement. He further testified that as a part of such agreement he promised to work for defendant the remainder of said year. The substance of plaintiff's testimony as above recited was corroborated by another witness. Said testimony is sufficient to support the finding assailed. Williams & Chastain v. Laird (Tex.Civ.App.) 32 S.W. (2d) 502, 505, par. 1, and authorities there cited; Straka v. Farmers' Mutual Protective Ass'n (Tex.Civ.App.) 79 S.W.(2d) 883, 885, par. 1, and authorities there cited.

■ Defendant, by another assignment, assails the sufficiency of the evidence to support said finding on the ground that said oral agreement was merged into a subsequent written instrument canceling the former contract and releasing defendant from all liability thereunder. Defendant introduced said instrument in evidence. By the express terms thereof plaintiff's former contract of employment was canceled and annulled, the purchase by him from defendant of certain property thereunder rescinded and such property returned to defendant, and each party released from liability to the other. The testimony shows that the oral agreement of cancellation and the substituted agreement for continued employment on a wage or salary basis was made two or three days before the execution of said written instrument. Such oral contract consisted of a promise by defendant to plaintiff of employment for a stipulated compensation and a reciprocal promise by him to render the contemplated service and accept such compensation, and was therefore complete in itself. Plaintiff nowhere in his pleading disclosed the existence of such written release. Defendant did not plead it in avoidance or attempted avoidance of the obligations, if any, assumed by it in the oral contract. Our Supreme Court, at an early day, declared that new affirmative matter of avoidance or defense cannot be given in evidence under a general traverse, but must be specially pleaded. That court, in Moody & Co. v. Rowland, 100 Tex. 363, 370, 99 S.W. 1112, 1115, stated the rule more elaborately as follows: "If a defendant desires to introduce evidence of a fact which does not tend to rebut the facts of the plaintiff's case, but which show an independent reason why the plaintiff should not recover upon the case stated and proved, then such defendant must plead the facts which will avoid the legal consequence of plaintiff's case, else the testimony will not be admissible, and a judgment rendered upon such evidence, admitted under a general denial, will not be sustained. Willis v. Hudson, 63 Tex. 678; Smothers v. Field, Thayer & Co., 65 Tex. 435." It has been further said that the test to be applied is whether the proposed evidence injects a new issue into the case, and if it does, the facts must be specially pleaded. 33 Tex. Jur. p. 477, § 55, and authorities cited in notes thereto; Good v. Chiles (Tex.Com.App.) 57 S.W.(2d) 1100, 1101, pars. 1 and 2; Suter v. City Nat. Bank (Tex.Civ.App.) 12 S.W.(2d) 1037, 1041, par. 6; Marley v. McAnelly, 17 Tex. 658, 661. Since there is no such plea in this case, there is no basis for testimony that subsequent to such oral contract a written one, claimed to be inconsistent therewith and in legal effect to annul the same, was entered into between the parties. Austin Bros. v. Patton (Tex.Com.App.) 294 S.W. 537, 539, par. 5. We have examined all the cases cited by defendant in support of its contention and find that in each of them the written contract relied on, whether contemporaneous with or subsequent to the oral contract sought to be established, was specially presented in the pleadings.

■ Plaintiff contends that his testimony that he and defendant's manager entered into a verbal agreement canceling his written contract of employment existing

at the time, and substituting therefor an oral contract for his services for the remainder of the year on a per diem basis, was admissible, and effective to support the finding assailed, regardless of whether the written cancellation of his original contract was pleaded or properly admitted in evidence. Plaintiff, in support of such contention, invokes an exception to the parol evidence rule which is applicable when the original contract is verbal and entire and only a part of it is reduced to writing. In such cases parol evidence is admissible to make it complete, though such evidence show a separate oral agreement concerning matters as to which the writing is silent but which are not inconsistent therewith. 17 Tex.Jur. 817 et seq., § 366, and authorities cited in notes thereto. Plaintiff also invokes another recognized exception to such rule, which permits proof and enforcement of an independent parol agreement which is shown to have been entered into as an inducement to the making of a written contract, though not mentioned therein. 17 Tex. Jur. p. 826, § 371; Callaway v. Albin, 114 Tex. 5, 10, 261 S.W. 372, and authorities there cited; New York Life Ins. Co. v. Thomas, 47 Tex.Civ.App. 149, 104 S.W. 1074; Loveless v. Johnson (Tex.Civ.App.) 274 S.W. 658, 659, par. 1; Blair v. Slosson, 27 Tex.Civ.App. 403, 66 S.W. 112, par. 3 (writ refused); Lee v. First Nat. Bank of Purdon (Tex.Civ.App.) 254 S.W. 394, 397 (top 1st column), and authorities there cited; Hansen v. Yturria (Tex. Civ.App.) 48 S.W. 795, par. 3; Texas Cent. R. Co. v. Eldredge (Tex.Civ.App.) 155 S.W. 1010, 1012, par. 6 (writ refused); Heflin, Inc., v. Texas Oceanic S. S. Co. (Tex.Civ.App.) 53 S.W.(2d) 133, 135, par. 3, and authorities there cited; Southwestern Public Service Co. v. Smith (Tex.Civ.App.) 48 S.W.(2d) 456, 458, par. 3, and authorities there cited; Preston v. Breedlove, 36 Tex. 96, par. 4; 22 C.J. p. 1253, § 1665.

■ Defendant's contention that there is an irreconcilable conflict between the terms of the oral agreement for continued employment and the writing canceling the original contract is based on the stipulation in such writing that each party was thereby released from liability to the other. This provision follows immediately after the recital of some of the mutual obligations created by the original contract and an agreement for the cancellation thereof, the return of the property purchased by plaintiff, and the payment to him of the cash consideration stipulated. It is, however, immediately followed by an express provision for the redemption by defendant of all outstanding ice coupons. Such writing as a whole clearly indicates that the minds of the parties thereto were focused on the original contract thereby terminated, and that the general declaration with reference to the termination of existing liability to each other was intended, primarily at least, to apply to such original contract. Defendant's contention that such mutual release of liability constituted a revocation of the oral contract for continued employment of plaintiff invokes the application of the general rules of construction to determine the effect of the provision under consideration. A cardinal rule in construing a contract is to ascertain and give effect to the intention of the parties as expressed in the language which they have used. 10 Tex.Jur. p. 272, § 159. Such language will be construed in the light of the facts and circumstances surrounding the parties when the contract was made. Id., p. 290, § 168. The acts of the parties to a contract indicating the construction mutually placed upon it by them may be considered in determining the proper construction thereof. Id., p. 298, § 171. Defendant's manager testified explicitly that when he approached plaintiff and asked him to cancel his written contract of employment, plaintiff inquired whether he would still have a job, and that he replied that he would. Said witness further testified, in substance, that he did agree with plaintiff that he should continue in defendant's employ on a per diem basis, but denied that he agreed that such employment should continue for any definite length of time. Said witness further testified that the written release of the original contract had nothing to do with the cancellation of the existing oral contract of employment on a per diem basis. The testimony further showed without dispute that plaintiff continued in defendant's employ under such oral contract until defendant terminated the same on the 4th day of September thereafter. We therefore conclude that the finding of the jury so assailed is supported by the evidence, regardless of whether such written release was properly admitted in evidence or not.

The judgment of the trial court is affirmed.